### Samuel Cole *vs.* Samuel G. Bodfish.

If a bond for the conveyance of land upon certain conditions be assigned by the obligee, and the obligor upon the back of the bond agree under his hand and seal with the assignee by name, to extend the time of performance limited in the condition of the bond; an action thereon cannot be supported by the assignee *in his own name.*

According to the practice in this State, a nonsuit may be *ordered* by the Court, if upon the plaintiff's own showing, his action is not sustained, subject however to his right to except to the opinion of the Judge.

Exceptions from the District Court for the Middle District, Redington J. presiding.

The action was debt, commenced *February* 24, 1836. To support the action, the plaintiff offered in evidence a bond from the defendant to one *Jabez Sawyer,* dated *June* 27, 1835, in the penal sum of $2000, conditioned to be void on the conveyance of a tract of land described in the bond, if *Sawyer* should within thirty days pay *Bodfish,* $1225. On the back of this bond were written:— "For a valuable consideration paid to me in hand, I hereby transfer all my right, title and interest to the within bond to *S. E. Drew* of *Monson.* June 29, 1835. *Jabez Sawyer.*"

"For a valuable consideration, paid me by *Samuel Cole,* I hereby relinquish all my right and title to the within bond. *June* 29. *" S. E. Drew.*"

"*July* 25, 1835.—I hereby agree with *Samuel Cole* to extend this bond to the 26th of *August* next, for value received. Witness my hand and seal. *S. G. Bodfish,* [L. S.]

"Attest, *Orin Morse.*"

The plaintiff also read in evidence a receipt, not under seal, of which a copy follows. "*August* 24, 1835. — Rec'd of *S. E. Drew* for *Samuel Cole* one hundred dollars in part of eight hundred dollars, the consideration in a deed to said *Cole* of this date from me. The above hundred dollars are received on a bond given to *Cole* by me for the land deeded to him by me this day, which deed is now in the hands of *Joseph Stockbridge*. *S. G. Bodfish*." The plaintiff offered to show by parol testimony, that the defendant had admitted the plaintiff to be the owner of the bond, and that the plaintiff had performed the conditions of it necessary to entitle him to a deed from *Bodfish*. This testimony was not admitted. The Judge ruled, that upon the evidence offered by the plaintiff in the case, the action could not be maintained in the name of *Cole*, and although the plaintiff wished to go to the jury, directed a nonsuit. The plaintiff filed exceptions. Questions in relation to the admissibility of testimony appear in the exceptions, but are not noticed, as the opinion of this Court was not influenced by them.

*Wells*, for the plaintiff, contended, that there was a sufficient contract, under seal, from *Bodfish* to *Cole* to enable him to maintain the action in his own name. The Judge should have permitted the jury to pass upon the evidence, instead of deciding the case himself by ordering a nonsuit. Here the plaintiff objected to the nonsuit, and in such case, the Judge cannot order it. *Mitchell & al.* v. *New-England Marine Ins. Co.* 6 *Pick.* 117; *Smith* v. *Frye*, 14 *Maine R.* 457.

*Tenney*, for the defendant, contended, that the Court have a right to order a nonsuit, when by his own testimony, admitted in its full extent, the plaintiff cannot support his action. In this case *Cole* has no right, by his own showing, to maintain the action in his own name.

The opinion of the Court was drawn up by

WESTON C. J. — The defendant executed a bond to *Jabez Sawyer*, upon certain conditions set forth therein. It was an instrument not negotiable in its character, so as to enable an assignee to bring an action in his own name. It had a penalty, and was subject to chancery. Assuming that the obligor did, subsequent to

the date of the bond, and after the beneficial interest had been assigned to the plaintiff, by an indorsement thereon, under his hand and seal, obligate himself to the plaintiff by name, to extend the time limited in the condition of the bond, a question arises, whether it would authorize the plaintiff to bring an action thereon in his own name.

Where a chose in action is assigned, such assignment may constitute a sufficient consideration, to sustain an express promise, on the part of the debtor, to the assignee, so as to enable the latter to maintain assumpsit in his own name. But this is based upon the new promise. If the obligor should, by express contract under his seal, undertake to oblige himself to fulfil the bond to the assignee, such undertaking would be sufficient to sustain an action of covenant broken, if the obligor failed to perform. But in this case, by the indorsement, the defendant only extends, for the benefit of the plaintiff, the time limited in the bond. And it may be doubtful, whether any other inference can be drawn from it. It would seem, that in all other respects the instrument remains unchanged. It may have the effect to recognize the assignment to the plaintiff, so as to protect his equitable interest from any interference by the original obligee. But an action must be brought in his name, if it becomes necessary to enforce the rights of the assignee.

According to our practice, a nonsuit may be ordered by the Court, if upon the plaintiff's own showing his action is not sustained, subject however to his right to except to the opinion of the Judge. *Sanford* v. *Emery*, 2 *Greenl.* 5; *Perley.* v. *Little*, 3 *Greenl.* 97. Regarding every thing as proved, upon which the plaintiff relied, in our judgment he cannot by law support the action in his own name; so that the nonsuit must be confirmed. It becomes unnecessary therefore to determine the competency of a part of his testimony, or the ruling of the Judge upon that point.

*Exceptions overruled.*