JORDAN McKINNEY, Plaintiff in Error, *v.* SHADRICK ALVIS, Defendant in Error.

### ERROR TO JEFFERSON.

*Choses in action,* except negotiable instruments, are not assignable at law so as to authorize the assignee to maintain an action in his own name; to maintain an action there must be communication, and a new arrangement between all the parties, by which the assignor's claim upon his debtor and his liability to the assignee are extinguished.

ON the 2d of September, 1850, the defendant in error, who was the plaintiff in the court below, sued the plaintiff in error before a justice of the peace, on an account for eight dollars

worth of rails, and obtained judgment for the sum of seven dollars and costs. The plaintiff appealed to the circuit court, at the special term of Jefferson Circuit Court, held in December, 1851. The cause was heard before MARSHALL, judge, and a jury, and a verdict was rendered for eight dollars. The plaintiff in error moved for a new trial, and in arrest of judgment, which motions were overruled, and judgment was rendered for Alvis. To the judgment of the circuit court, the plaintiff in error excepted, and tendered his bill of exceptions, which was signed and sealed. The facts of the case will be found in the opinion of the court.

R. S. NELSON, for plaintiff in error.

R. F. WINGATE and D. BAUGH, for defendant in error.

TRUMBULL, J.   One Piper, since deceased, had a claim on McKinney for eight hundred rails, which Alvis, under a claim of purchase from Piper, called on McKinney to pay to him. McKinney agreed to deliver the rails to Alvis, but failing to comply with his contract, Alvis sued to recover their value.

The important question in the case, and the only one we deem it necessary to notice is, — Can Alvis maintain the action in his own name ?

It is a general rule that *choses in action*, except negotiable instruments, are not assignable at law so as to authorize the assignee to maintain an action in his own name; but it is insisted, that an express promise, as in this case, to pay the debt to the assignee, forms an exception to the rule.   To constitute an exception, however, in a case like this, requires something more than a mere promise on the part of the debtor to pay to the assignee : there must be a communication, and a new arrangement between all the parties, by which the assignor's claim upon his debtor, and his liability to the assignee, are extinguished.   In this case, there was no communication between Piper and McKinney ; nor did Alvis agree to release Piper, and look alone to McKinney for the debt.   It is not like the case put in the books, where it is said : " Suppose A. owes B. 100*l.*, and B. owes C. 100*l.* and the three meet, and it is agreed between them that A. shall pay C. the 100*l.*, B.'s debt is extinguished, and C. may recover that sum against A." Chitty on Contracts, 482, 613 ; Wharton *v.* Walker, 4 Barnwall and Creswell, 163 ; Butterfield *v.* Hartshorn, 7 N. H. 345. Nor is it a case where one person can be said to have withheld the money of another, and thereby subjected himself to an

action at the suit of the latter for money had and received; but it is an attempt to maintain an action in his own name, by the assignee of a contract for the delivery of certain articles of personal property, on the ground alone of an express parol promise by the debtor to pay the property to him. No consideration for the promise is shown by the record, for it does not appear that the defendant was released by it from his liability to Piper, nor is there even any legitimate evidence in the record of a transfer of the claim by Piper to Alvis.

Judgment reversed, and cause remanded.

*Judgment reversed.*