Phillips v. Wilson.

---

### CHARLES B. PHILLIPS
### v.
### JOSEPH L. WILSON, ADMINISTRATOR, ETC., AND E. W. BLATCHFORD.

*Parties—Chose in Action—Suit in Name of Assignor—Continuance in Name of his Personal Representative—Statute.*

1.  The legal title of a chose in action remains in the assignor, and at his death passes to his legal representative.

2.  A suit brought in the name of the assignor, before his death, may be continued in the name of his personal representative.

3.  Sec. 23, Chap. 1, R. S., does not deprive the assignee of a chose in action of any right which he had at common law.  It simply gives him the additional right to continue a suit, instituted in the name of his assignor for his use, in his own name.

[Opinion filed February 17, 1888.]

IN ERROR to the Circuit Court of Cook County; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. CHAS. B. PHILLIPS, in person, and W. T. BURGESS, for plaintiff in error.

Mr. DAVID FALES, for defendant in error.

*Per Curiam.* An action of assumpsit was commenced by Erastus S. Williams, for the use of E. W. Blatchford, against the plaintiff in error, and on the 23d day of January, 1884, he was defaulted, and a judgment entered against him. On January 26th he was allowed to plead, the judgment to stand as security, and a plea of the general issue was filed.

On January 3, 1885, the death of Erastus S. Williams was suggested, and on April 8, 1885, the following order was entered: "On motion of said plaintiff's attorney, it is ordered that said clause be and it hereby is revived in the name of Joseph L. Wilson, administrator of the estate of Erastus S. Williams, deceased, as the party plaintiff herein, for the use of Eliphalet W. Blatchford and against Charles B. Phillips."

On July 8, 1885, a motion was made by plaintiff in error to vacate said last mentioned order, and also a motion to substitute the beneficial plaintiff as the sole plaintiff in the cause, which motions were both overruled by the court. On the trial there was a verdict against the defendant. No bill of exceptions was filed, and the only errors assigned are on the record proper, and relate to the action of the court in allowing the suit to proceed in the name of the administrator of the nominal plaintiff, and in overruling the motions of plaintiff in error above stated.

Sec. 23, of the statute on abatement, provides: "No suit instituted in the name of one for the use of another, shall abate by reason of the death of a person whose name is used; but it may be continued by the real plaintiff in interest, in his own name, on his suggesting such death on the record, and an order of the court being made substituting his name for that of the deceased plaintiff."

It is contended that this section is mandatory. We do not so regard it. It does not deprive the assignee of a chose in action of any right which he had at common law.

By virtue of the assignment the assignee obtains the right to use the assignor's name in all necessary legal proceedings, and, indeed, he must proceed at law in the name of the assignor,

or if he be dead, the name of his personal representative. 1 Chitty's Pl. 16; Orr v. Thompson, 4 Gilm. 452.

The legal title to a chose in action remains in the assignor, and at his death it does not pass to the assignee, but to the legal representatives of the assignor, and the same reason which gave the beneficial owner the right to use the name of the assignor as nominal plaintiff, operates to allow him the use of the name of the assignor's administrator as nominal plaintiff on the assignor's death.

Sec. 23, above quoted, gives him the further right of continuing the suit in his own name, if he sees fit to do so, and said section was probably passed to enable the beneficial plaintiff to save the suit and prosecute in his own name in cases where no administrator or executor of the nominal plaintiff is appointed. Under Sec. 10 of the abatement statute, the action might be continued in the name of the plaintiff's administrator, and under section 23, in the name of the beneficial owner. The practice of continuing the suit in the name of the personal representative of the nominal plaintiff, obtains in this State, and has passed without criticism. Mills v. Bland, 76 Ill. 381.

We are wholly unable to see how the adoption of that practice in this case has injuriously affected plaintiff in error. He could not thereby be deprived of any defense.

There is no error, and the judgment of the Circuit Court will, therefore, be affirmed.

*Judgment affirmed.*