B. B. KNIGHT ET AL.

v.

ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY
COMPANY.

*Railroads—Liability as Carrier of Freight—Loss of Goods—Bill of
Lading—Assignment of—Suit Thereon—Limitations—Practice.*

1.  A bill of lading is a chose in action, and an assignee thereof can not
maintain thereon a suit in his own name.

2.  An opinion can not be authority for what is not mentioned in it and
what does not appear to have been suggested to the court from which the
opinion emanates.

[Opinion filed May 5, 1891.]

APPEAL from the Superior Court of Cook County; the
Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. A. M. PENCE, for appellants.

Messrs. THOMAS J. PORTIS, CHARLES B. WOOD and HORACE
S. OAKLEY, for appellee.

WATERMAN, J.   This was an action of assumpsit brought
by appellants against the St. Louis, Iron Mountain & South-
ern Railway Company.

The declaration contained a count against the railway
company as a common carrier, in which it was alleged that

the defendant, having received from one G. T. Potter a large number of bales of cotton, described in certain bills of lading acknowledging receipt thereof, thereby agreed safely to carry the same from Texarkana, in the State of Arkansas, to St. Louis, in the State of Missouri, and thence to Woonsocket, in the State of Rhode Island, and avers that, in violation of its promise and duty, and by reason of its negligence, the said goods became and were wholly lost. The plaintiffs below sued as purchasers of the cotton from Potter and assignees of the bills of lading. The bills of lading sued upon were similar in their tenor, except as to the description of the articles named therein and commenced as follows :

" Received from G. T. Potter the following packages, contents unknown, in apparent good order, marked and numbered as per margin, to be transported from Texarkana, Ark., to St. Louis, and delivered to the consignee or a connecting common carrier." The declaration contained also the common counts. To it was filed the general issue and also a plea of the five years statute of limitations. The plaintiff replied to the plea of the statute of limitations, that the contract was in writing.

The bills of lading were variously marked, the following example being indicative of all.

| MARKED. | | LIST OF ARTICLES. | WEIGHT. |
|---|---|---|---|
| (GM) SS | 20 | One hundred bales of cotton and | |
| (SM) SS | 40 | Fifteen bales cotton, | 56,465 |
| (PP) | 40 | Order shipper. | |
| | 100 | J. J. O'CONNOR, Agt. | |
| (PP) | 15 | | |
| | 115 | Notify B. B. & R. Knight, | |
| | | Providence, R. I. | |

The plaintiffs do not complain that they did not receive the number of pounds and bales of cotton marked as described in the bills of lading, but they have shown that by a private understanding between them and G. T. Potter, from whom they purchased, it was arranged that the marks (GM) SS

represented " good middling" cotton, (SM) SS "strict mid-dling," and (PP) represented " middling," and that there was between them and Potter an understanding as to the meaning of all the various marks.

The agent of the railroad company, J. J. O'Connor, who signed the bills of lading, testifies, and this is not disputed, that he had no knowledge as to what any of those marks meant; that he was not a judge of cotton, and could not have told one grade from another. The case was tried below without a jury; the court found for the defendant, finding, among other things, that an action of assumpsit could not be maintained by the plaintiffs in their own names.

A bill of lading is a chose in action, and an assignee thereof can not maintain thereon a suit in his own name. Buck-master v. Breese, 381; Breezely v. Jones, 1 Scam. 34; McJilton v. Love, 13 Ill. 486–496; McKinney v. Alvis, 14 Ill. 33; Chapman v. McGrew, 20 Ill. 101; Hughes v. Trahern, 64 Ill. 48; Phillips v. Wilson, Adm'r, 25 Ill. App. 427; C. & A. Ry. Co. v. Maher, 91 Ill. 312; Thompson v. Dominy, 14 M. & W. 407; Sargent v. Morris, 3 Barn. & Ald. 5 Com. Law, 277; Shaw v. Railway Co., 101 U. S. 57–563.

This does not seem to be disputed by appellees, but they say : " We do not sue upon the bill of lading but upon an implied assumpsit, the bill of lading simply being the evi-dence of transfer to assignee."

Counsel admit that " the contract not being negotiable can not be sued upon by the assignee," but insist that a right to maintain an action of assumpsit exists by virtue of the im-plied promise of the carrier to deliver the goods to the assignee of the bill of lading, who in the present case is the owner of the goods.

One difficulty under such contention, with the position of appellee in the present case, is that these goods having been shipped, and the bills of lading made in 1879, and this suit begun in 1888, the five years statute of limitations was pleaded, to which the plaintiffs replied that the causes of action were based upon written contracts, and upon such pleadings the case was tried.

Counsel for appellees also argue with great ingenuity that

the action and the declaration may be considered as in case, notwithstanding the form of the declaration; the fact that the action was treated in the court below as one of assumpsit, the general issue in assumpsit being pleaded, and the following statement placed by counsel for appellee in the abstract of the record: "The above declaration is in assumpsit, and is upon the implied promise arising from the liability to carry forward and deliver the cotton to the owner and holder of the bill of lading."

Treating this action as in case would not eliminate therefrom the plea of the statute of limitations or the replication thereto.

Counsel say that the declaration in this case is a copy of that used in the case of St. Louis & Iron Mt. Railway v. Larned, 103 Ill. 293, a suit brought by an assignee of a bill of lading, and that no exception was taken to the form of action, either by this or the Supreme Court.

It does not appear that any objection was made on this account, or that the attention of either court was called to the form of the action.

Manifestly, an opinion can not be authority for what is not mentioned in it, and what does not appear to have been suggested to the court from which the opinion emanates.

We are of the opinion that the action brought in this case can not be maintained, and that the judgment of the court below must be affirmed.                    *Judgment affirmed.*