## J. F. Lindley & Bros.
### v.
### Charles B. Simpson.

*Novation—Consideration for—Statute of Frauds.*

Where for a valid consideration a party agrees to pay a debt due from a debtor to his creditor and the creditor releases his original debtor and accepts the new promisor as his sole debtor, such contract constitutes a novation and is not within the statute of frauds.

[Opinion filed December 7, 1892.]

Appeal from the Circuit Court of Hardin County; the Hon. A. K. Vickers, Judge, presiding.

Messrs. Morris, Moore & Morris, for appellants.

Mr. J. F. Taylor, for appellee.

Mr. Justice Green.    The evidence justified the jury in finding the following facts, viz.: That James Simpson, father of appellee, was indebted to the appellants for goods purchased of them.    That H. M. Lindley, one of the members of appellant's firm, and acting for it, came to the store of said James Simpson, in Cave-in-Rock, in Hardin County, and desired to obtain mortgage security for the payment of said debt.    That the father then owed appellee the sum of $230.    That it was then and there agreed by and between said H. M. Lindley (acting by the authority of, and on behalf of appellants), James Simpson, and the appellee, that James Simpson would give a mortgage upon his stock of goods and store house, securing the debt due said firm, and in consideration thereof said firm would assume and agree to pay appellee the debt his father owed him, and appellee would accept such promise and look to appellants for his pay, and discharge his father from liability; that thereupon in pursuance of such agreement, James Simpson duly exe-

cuted, acknowledged and delivered to appellants such mortgage, and appellee accepted the promise of appellants to pay him the debt due him from his father, and in consideration of such promise, released and discharged James Simpson from all liability on account of said debt. The contention of appellants that the promise to pay the debt of James Simpson was void under the provisions of the statute of frauds, is not tenable. The contract between appellee and his father, whereby the father was liable to him for $230, was discharged by the agreement of both, and appellants were substituted, and made themselves liable in place of the father for the payment of said debt in consideration of the discharge of that contract and giving of the mortgage, and thus by agreement of all the parties a new contract, a novation, so called, was created. The appellants did not undertake to pay the debt of another, but contracted an entirely new debt of their own, a part of the consideration being the absolute discharge of the old debt. Steuble v. Hake, 14 Ill. App. 576; McKinney v. Alvis, 14 Ill. 33.

The appellee had the right to maintain this suit against appellants, and recover for the breach of the new contract. The verdict was right and the judgment is affirmed.

*Judgment affirmed.*