THE MILFORD COMPANY, a corporation of the State of Delaware, *vs.* ISAAC D. SHORT.

**1. NOVATION—CONTRACT OF SALE.**

Where a contract for the sale and delivery of lumber for a building was assigned by the buyer for valuable consideration, the seller having notice of the assignment, in the absence of the seller's agreement thereto, some new promise on his part to the assignee based on consideration or extinguishment of the seller's liability to the buyer, there was no novation.

**2. CONTRACTS—ACTION FOR BREACH—VARIANCE.**

Proof of any contract other than that declared on in an action for breach constitutes a fatal variance.

**3. ASSIGNMENTS—CHOSE IN ACTION—SUIT.**

A chose in action, such as a contract to sell and deliver lumber for a building, was not assignable so as to entitle the assignee to maintain an action in its own name for breach; it should have sued in the name of the assignor.

(*June* 7, 1917.)

Judges BOYCE and HEISEL sitting.
*Andrew C. Gray* and *E. E. Berl* for plaintiff.
*Robert H. Richards* and *James I. Boyce* for defendant.
Superior Court, New Castle County, May Term, 1917.

ACTION OF ASSUMPSIT, No. 77, September Term, 1915.

Action brought by the Milford Company, a corporation of the State of Delaware, against Isaac D. Short. On motion at close of plaintiff's testimony for nonsuit. Granted.

The action was for an alleged breach of contract, entered into between Emil P. Gebhart and the defendant for furnishing lumber by the latter to the former, for the erection of a certain building in the town of Milford, Sussex County.

After some deliveries of the lumber had been made to Gebhart, he assigned the contract to the plaintiff, giving Short notice of the assignment. Short made subsequent deliveries; but failing, it being claimed, to comply with his contract by delivering the lumber as required in the construction of the building, the Milford Company rescinded the contract and bought lumber in the open market to complete the building. The Milford Company, in its own name, sued Short for damages and declared on the assigned. contract. At the close of plaintiff's testimony, counsel for defendant moved for non-suit on the ground that an action at law could not be brought for the alleged breach of the contract in the name of the assignee, but must be maintained in the name of the assignor as the holder of the legal right or title.

It was contended for the plaintiff that the evidence showed a novation of the contract between all the parties, or a new contract between Short and the plaintiff such as to entitle the latter to sue in its own name.

BOYCE, J., delivering the opinion of the court:

[1, 2] Both on the pleadings and from the evidence, this is an action for the breach of a contract for the purchase of lumber on the part of Emil P. Gebhart and the sale and delivery thereof to Gebhart, on the part of Isaac D. Short, the defendant, for the erection of a certain building. The contract was subsequently assigned by Gebhart to the Milford Company, the plaintiff, with notice to Short. There is no proper suggestion in the declaration of a novation of the contract. The averment in the declaration is:

" *   *   * On the eighteenth day of July, A. D. 1912, the said Emil P. Gebhart by certain writing signed by him, bearing date the day, month and

year last aforesaid, for valuable consideration, assigned, transferred, bargained and sold to the plaintiff all his right, title and interest under the said contract, whereof the said defendant on the same day, month and year aforesaid had notice."

It is not shown that the defendant agreed to the assignment, or that there was any new promise on his part to the plaintiff based on any consideration therefor from the plaintiff to the defendant, or that the liability of the latter to Gebhart was extinguished. *McKinney v. Alvis.* 14 *Ill.* 33; *Cole v. Bodfish,* 17 *Me.* 310. It is scarcely necessary to say that proof of any other contract than that declared on constitutes a fatal variance.

[3] The contract sued on being a chose in action, was not assignable so as to entitle the plaintiff, the assignee, to maintain an action thereon in its own name for a breach thereof; for in such a case the assignee must sue in the name of the assignor. 1 *Saund. Pl. & Ev.* 144; *Dicey on Parties to Actions, rules* 6, 15, *pages* 80, 136; 1 *Chitty, Pl.* 15; *Elliott on Contr.* § 1431; 5 *C. J.* 986; *Kinniken v. Dulaney, Assignee,* 5 *Harr.* 384; 1 *Woolley, Del. Prac.* §§ 145–147.

For the reasons stated, we are constrained to grant the nonsuit.

*Mr. Gray:* We decline to take a nonsuit.

BOYCE, J., charging the jury:

The court instruct you, gentlemen of the jury, to return a verdict for the defendant.

Verdict for defendant.