CORNELIA S. PERRY
*v.*
THE PEOPLE *ex rel.* John J. Hanberg, County Collector.

*Opinion filed December 16, 1903.*

1. SPECIAL ASSESSMENTS—*if ordinance attempts to describe improvement the court has jurisdiction.* If a special assessment ordinance contains a sufficient description of the proposed improvement to challenge the attention of the court, the court has jurisdiction to determine the legal sufficiency of such description, and its judgment cannot be collaterally attacked in that respect.

2. SAME—*objection that ordinance did not state width of street not available on application for sale.* Failure of a special assessment ordinance to state the width of the street to be paved, the other specifications for the improvement being sufficient, is not ground for an objection upon application for judgment of sale.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

BROWNING & SHEPARD, for appellant.

ROBERT REDFIELD, and WILLIAM M. PINDELL, (EDGAR BRONSON TOLMAN, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

To the application of the appellee collector filed in the county court of Cook county for a judgment against certain city lots belonging to the appellant, for a delinquent special assessment, the appellant presented the objection that the ordinance relied upon to authorize the assessment was void.   The objection was overruled and

judgment awarded the collector as prayed in the application, and the appellant has perfected this appeal.

The ordinance provided for paving Forty-fourth street, in the city of Chicago, from the west line of St. Lawrence avenue to the east line of Grand boulevard, with macadam, and for curbing the same with limestone curbing, and the objection is, that the ordinance rendered is void because the width of the street to be paved is not stated in the description given of the proposed improvement in the ordinance. Had this objection been preferred to the application for judgment confirming the assessment it would have been sustained, for while the ordinance seems in other respects to contain a full and complete description of the improvement, the width of the street to be macadamized is omitted from the description. But the appellant permitted a judgment to be entered confirming the assessment, and the question which now arises is, whether she may in this collateral proceeding still avail herself of the right to urge the objection. If the ordinance, because of the failure in the description of the improvement to specify the width of the street to be paved, was a nullity, and the county court was for that reason lacking in jurisdiction to entertain the application of the city and to enter judgment confirming the assessment, then the objection might be urged in the collateral proceeding for judgment against the property of the appellant for unpaid assessments of benefits under the judgment of confirmation.

An ordinance which does not attempt to comply with the requirement of the statute that it shall contain the description of the improvement is a nullity. If an ordinance on which an application for a judgment of confirmation is based contains sufficient allegations descriptive of the proposed improvement to challenge the attention of the court, jurisdiction attaches in the court to judicially determine as to the legal sufficiency of the description, and the decision and judgment of the court thereon,

however erroneous, is not void, nor can it be attacked as for error in a collateral proceeding. (*Figge* v. *Rowlen,* 185 Ill. 234; *Shepard* v. *People ex rel.* 200 id. 508; *Walker* v. *People ex rel.* 202 id. 34.) In the ordinance here under consideration the requirements of the statute that a description of the improvement should be set forth was not ignored. It provided that the street, for a specified distance, should be graded to within nine inches of the established grade, and that on the road-bed thus formed should be spread a layer of broken limestone crushed to a specified size, and upon the same should be laid a layer, of a specified depth, of limestone screenings, completely filling interstices, and the same should be flooded and rolled with a roller of a specified weight, and "upon this said first layer of broken limestone and screenings shall be spread a layer of the best quality of broken limestone, crushed to a size so as to pass through a two-and-a-half-inch ring, upon which shall be spread a layer of well screened and cleaned Joliet bank gravel, so as to fill all the interstices in the limestone, said layer of limestone and gravel to be of an average depth of three inches, after having been thoroughly flooded and rolled with a roller of not less than ten tons' weight. All man-holes and catch-basins shall be made to conform to the established grade of said Forty-fourth street between said points, said pavement to be laid to conform to the established grade of said Forty-fourth street between said points. Said work to be done under the superintendence of the department of public works."

The width of the street to be paved was omitted, but the proposed improvement was so far described as that the county court, in the proceeding for a judgment of confirmation, was called upon to consider and judicially determine as to the sufficiency of the description. Jurisdiction thereof attached in the county court to decide judicially whether or not judgment of confirmation should be entered, and its decision is not open to collateral

attack. The defect in the description should have been availed of in the proceeding for a judgment confirming the assessment. Not having been there presented, the judgment rendered in that proceeding conclusively precludes an investigation in a collateral proceeding of the question whether the ordinance, in mere matter of detail in the description of the improvement, was in all respects good and sufficient.

The judgment of the county court is affirmed.

*Judgment affirmed.*