THE PEOPLE ex rel. T. F. Russell, County Treasurer,

v.

SAMUEL BROWN.

*Opinion filed December 20, 1905.*

1. SPECIAL ASSESSMENTS—*failure of an ordinance to establish grades does not defeat jurisdiction of court.* Failure of a special assessment ordinance to fix the grade for the improvement does not deprive the court of jurisdiction to confirm the assessment, and the objection is not available on application of judgment of sale for the tax.

2. SAME—*proceedings for confirmation and for sale may be entertained at a probate term.* Under the provisions of section 51 of the Local Improvement act and section 5 of the County Court act, the county court has jurisdiction to confirm a special assessment or render judgment of sale for delinquent assessments at a probate term.

APPEAL from the County Court of Christian county; the Hon. JAMES H. FORRESTER, Judge, presiding.

ARTHUR YOCKEY, City Attorney, and R. C. NEFF, State's Attorney, (JAMES M. TAYLOR, LESLIE J. TAYLOR, and CREA & HOUSUM, of counsel,) for appellant.

FRANK P. DRENNAN, (PROVINE & PROVINE, J. C. & W. B. McBRIDE, and J. A. MERRY, of counsel,) for appellee.

Per CURIAM: This was an application to the June probate term, 1905, of the county court of Christian county, by the collector of that county, for judgment and order of sale for delinquent special assessments against certain property belonging to Samuel Brown, the appellee, for paving certain streets and constructing sewers and drains for surface drainage in the city of Taylorville. The assessments were made under five ordinances passed by the city. The ordinance for paving was adopted on July 14, 1903, and that for the sewers on August 17, 1903. There were three ordinances for drains, all passed by the city council on October 26, 1903.

Separate petitions were filed in the county court under these ordinances, and an assessment roll was prepared and confirmed by the county court at a probate term in each case. Appellee owns property against which assessments were levied under each of the ordinances above mentioned. He did not file objections in any of the confirmation proceedings. He failed to pay the assessments when due and they were returned delinquent to the county collector, who made the application herein.

The appellee filed six objections to the application of the county collector in the court below. The second is not urged. The others are as follows:

*First*—That there was no petition of property owners presented to the board of local improvements, without which the city had no authority to pass the ordinances for the improvements.

*Third*—That the judgments of confirmation were entered at probate terms instead of at law terms of the county court.

*Fourth*—That the ordinances were void for uncertainty and indefiniteness, in that they did not sufficiently set forth the nature, character, location and description of the improvements therein proposed to be made.

*Fifth*—That the ordinances delegated to the city engineer discretionary powers in the fixing of the grades and choosing of materials and in the construction of the improvements.

*Sixth*—That the county court had no jurisdiction to enter judgment and order of sale for delinquent taxes at a probate term of such court.

The court rendered judgment sustaining the objections and dismissing the application. The collector, in the name of the People of the State of Illinois, prosecutes this appeal from that judgment.

Appellee, in support of his objections, in the court below, introduced in evidence the petition, ordinance and judgment

in each of the confirmation proceedings, and here contends that the first, fourth and fifth objections are established by the records so introduced, and for the reasons stated in those objections the court did not have jurisdiction in the confirmation proceedings.

We do not think that it can fairly be said that the matters set up by either the first or fifth objection·are proved by inspection of the record of the confirmation proceedings, and for that reason it is unnecessary to discuss whether they would have affected the jurisdiction of the court had they appeared as facts from the record.

The fourth objection is based upon the ground that none of the ordinances heretofore mentioned attempted to fix any grades for the proposed improvements, and this fact appeared upon the face of the ordinances, which were attached to and filed with the petitions in the confirmation proceedings. It is contended that unless the ordinance upon which the proceedings for a special assessment is based establishes a grade for the improvement the court does not acquire jurisdiction of the subject matter, and a judgment rendered in such case is void and may be attacked in a collateral proceeding if the omission to fix the grade appears from the record of the confirmation proceeding.

In the recent case of *Sumner* v. *Village of Milford,* 214 Ill. 388, it is said that jurisdiction of all special assessment cases is conferred upon the county court by the statute, and that upon the passage of an ordinance for a local improvement the court acquires jurisdiction to hear and determine the particular case by the filing of a petition by the officer specified in that ordinance, praying for an assessment in accordance with the provisions of such ordinance. It is there said that it is necessary to the jurisdiction of the court that there should be an ordinance, passed by the legislative body of the municipality, providing for the improvement, but if such ordinance is duly passed and approved the jurisdiction of the court is not defeated because there may be some defect

in the ordinance. It is further said, citing *Gross* v. *People,* 172 Ill. 571, that the ordinance must include a description of the improvement in order to confer jurisdiction upon the court, but that unless there is a total failure to include in the ordinance the necessary element of a specification of the nature, character, location and description of the improvement, the fact that the specification is defective will not be a defense to the application for judgment of sale.

In the case at bar, a petition was filed in each of the confirmation proceedings, with a copy of an ordinance passed by the legislative body of the city attached thereto. The petition was filed by the officer specified in the ordinance and prayed for an assessment in accordance with the provisions of the ordinance, which contained specifications of the nature, character, locality and description of the improvement. Every element was therefore present in each of these proceedings which was necessary to give the court jurisdiction of the subject matter, measured by the law as laid down in *Sumner* v. *Village of Milford, supra.*

In the case of *People* v. *Lingle,* 165 Ill. 65, which was a case in which a judgment of confirmation was attacked upon application for judgment because the ordinance did not sufficiently specify the nature, character, locality and description of the proposed improvement, this court said:

"On an application for judgment against lots or lands for delinquent special assessments, an objection to the judgment because of the insufficiency of the ordinance under which the assessment is made is a collateral attack on the judgment of confirmation of the assessment. The judgment of confirmation cannot be thus attacked except for matters affecting the jurisdiction. The sufficiency of the ordinance is not of that character, and must be determined on the proceeding to confirm the special assessment."

In the case of *Blount* v. *People,* 188 Ill. 538, it was held that an ordinance which failed to describe the height of the curbs to be used in an improvement, although invalid when

objected to at the confirmation proceedings, could not be attacked on that ground upon application for judgment and order of sale, as the omission in the ordinance was only a defect and did not affect the jurisdiction of the court.

The same reason exists for requiring an ordinance to specify the height of curbs to be used in an improvement as for requiring it to fix a grade for such improvement, viz., in order that the commissioners may make an intelligent estimate of the cost of the improvement and the contractor an intelligent bid for the work. (*Holden* v. *City of Chicago,* 172 Ill. 263; *City of Carlinville* v. *McClure,* 156 id. 492; *Foster* v. *City of Alton,* 173 id. 587.) No requirement that an ordinance shall contain either is found in the Local Improvement act except under the general terms that the ordinance shall set forth the nature, character, locality and description of the improvement. There is therefore no apparent distinction, in principle, between the case of *Blount* v. *People, supra,* and the one at bar.

In the case of *Perry* v. *People,* 206 Ill. 334, this court held that an objection to a petition for the confirmation of a special assessment on the ground that the ordinance under which the assessment was made failed to specify the width of the street to be paved should be sustained, but that when an objection was made on that ground to the application of the collector for judgment it cannot be considered. It was there said in discussing the question whether the omission in the ordinance rendered it void and deprived the court of jurisdiction:

"An ordinance which does not attempt to comply with the requirement of the statute that it shall contain the description of the improvement is a nullity. If an ordinance on which an application for a judgment of confirmation is based contains sufficient allegations descriptive of the proposed improvement to challenge the attention of the court, jurisdiction attaches in the court to judicially determine as to the legal sufficiency of the description, and the decision

and judgment of the court thereon, however erroneous, is not void, nor can it be attacked as for error in a collateral proceeding."

In view of the conclusions reached by this court in the above cases, we are of the opinion that the failure of the several ordinances to establish grades did not deprive the court of jurisdiction in the confirmation proceedings, and therefore cannot be urged as a defense upon this application for judgment.

Appellee's third and sixth objections, to the effect that the county court had no jurisdiction to confirm the assessment rolls or to entertain this application for judgment and order of sale at a probate term, are without merit.

Section 51 of the Local Improvement act (being section 557 of chapter 24, Hurd's Revised Statutes of 1903,) provides that "the hearing in all the cases arising under this act, if in the county court, may be had at either a law or a probate term of said court." The cases cited by the appellee which hold that the county court has no jurisdiction to confirm an assessment roll at a probate term arose under statutes which contained no such provision as that above quoted.

Section 93 of chapter 37, Hurd's Revised Statutes of 1903, confers jurisdiction upon county courts to render judgment and order of sale for delinquent taxes and assessments at probate terms.

The county court erred in sustaining the objections filed by appellee and in dismissing the application, as none of such objections constituted a defense in this proceeding. The judgment will therefore be reversed and this cause will be remanded to the county court with directions to enter judgment and order of sale as applied for by the county collector.

*Reversed and remanded, with directions.*