CHARLES L. BINGHAM *et al.*

*v.*

GILES L. ISHAM *et al.*

*Opinion filed June 19, 1907.*

1. APPEALS AND ERRORS—*section 90, authorizing appeals from judgment of Appellate Court, construed.* Section 90 of the Practice act, allowing an appeal "if the judgment, order or decree of the Appellate Court be such that no further proceedings can be had in the court below except to carry into effect the mandate of the Appellate Court," has reference only to cases wherein the Appellate Court determines the questions at issue between the parties.

2. SAME—*when Appellate Court's judgment is not final—opinion may be consulted.* A judgment of the Appellate Court reversing a judgment dismissing a bill to contest and set aside a will and remanding the cause "for further proceedings not inconsistent with the opinion of the court" is not a final, appealable judgment, where it appears from a reference to the opinion that the validity of the will was not determined, but only that the proof did not make out a *prima facie* case in favor of its validity.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. HARRY HIGBEE, Judge, presiding.

EDMUND W. BURKE, and SWIFT, CAMPBELL & JONES, for appellants.

A. PAGE SMITH, and WOODLEY & PENDLETON, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Appellees filed their bill in the circuit court of Cook county to contest and set aside a nuncupative will purporting to have been made by Sarah J. Leonard and which had been admitted to probate in that county. By agreement of the parties a jury was waived and the cause heard by the court. The bill was dismissed for want of equity, and the

contestants presented the record to the Appellate Court for the First District for review, by appeal. The cause was assigned to the branch court, and by that court the decree of the circuit court was reversed and the cause remanded, and from that judgment of the Appellate Court the proponents have prosecuted this appeal.

By the judgment of the Appellate Court the decree of the circuit court was reversed and the cause remanded to the latter court "for further proceedings not inconsistent with the views expressed in the opinion of this court this day filed herein," and the question arises whether this is such a judgment as gives this court jurisdiction to entertain an appeal. It is contended that the case falls within that clause of section 90 of chapter 110, Hurd's Revised Statutes of 1905, which provides for an appeal from the Appellate Court to this court "if the judgment, order or decree of the Appellate Court be such that no further proceedings can be had in the court below, except to carry into effect the mandate of the Appellate Court." It is apparent that this clause authorizes an appeal only when the judgment of the Appellate Court determines the question or questions at issue in litigation upon the merits.

In *In re Maher,* 210 Ill. 160, in discussing an analogous question, it was said (p. 164) : "Where this court, in considering a cause, determines the issues and decides the questions involved upon their merits, and the case is reversed and remanded, with directions 'to proceed in conformity with the views' expressed in the opinion, there is no power in the court below except to enter a final order or judgment, without a re-trial; but if, on the other hand, the issues are not determined by this court upon their merits but the case is reversed and remanded with directions above mentioned, a re-trial may be had, when the court below will be governed by the legal principles which have been announced by this court, and evidence offered by either party which falls within the principles so announced must be received. It

is manifest, therefore, that for the purpose of determining whether this court has determined the merits of a question involved in any cause requires an ascertainment of the issues in that cause and an examination of the opinion of this court dealing therewith. Each case must be determined by the application of the general rule above set forth to the particular questions and issues arising in that case."

In the case at bar the question at issue was, is the purported will the last will and testament of Sarah J. Leonard, deceased? Turning to the opinion of the Appellate Court we find that this question was not there decided, the ultimate determination of that court being expressed in these words: "We are compelled to the conclusion that the proof fails to make out a *prima facie* case in favor of the validity of the will." It is too plain for argument that this is not a determination, upon the merits, of the question raised by the pleadings, and would not prevent the proponents succeeding in another trial in the *nisi prius* court if they could in that trial bring proof sufficient to establish the will and meet the assault made thereon by the evidence of the contestants offered in support of the bill.

The appeal will be dismissed.          *Appeal dismissed.*