## Nathan Bond, Appellee, v. City of Hoopeston, Appellant.

1. MANDAMUS—*when petition to compel payment of commissioners' fees sufficient.* A petition to compel a city to pay the fees of a commissioner appointed to estimate the benefits of an assessment, need not set up the ordinance providing for the making of such improvement or its provisions relative to the payment of the costs and expenses of the proceedings. It is sufficient to state generally the character, purpose and effect of the ordinance and the proceedings taken thereunder.

2. MANDAMUS—*when judgment compelling payment of commissioners' fees sufficient.* A judgment in *mandamus* compelling a city to pay the fees of a commissioner appointed to estimate the benefits of an assessment, need not disclose out of what fund the same should be paid.

*Mandamus.* Appeal from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 15, 1912.

JAY BRIGGS, for appellant; C. M. BRIGGS, of counsel.

ROBERT R. RODMAN and ARTHUR R. HALL, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a petition for a writ of *mandamus* against the city of Hoopeston, Illinois, requiring said city to immediately pay the petitioner, Nathan Bond, the sum of $400 due the petitioner by reason of his appointment by the County Court of Vermilion county, Illinois, as one of the commissioners to estimate the benefits of a certain local improvement in said city of Hoopeston. A general and special demurrer to the petition was sustained by the court, and the defendant elected to stand by its demurrer, refusing to further plead. Judgment was accordingly entered against the defendant in favor of the petitioner, awarding a writ of *mandamus* as prayed in the petition. The defendant seeks to have such judgment reviewed by this court.

The petition alleges that the city of Hoopeston passed an ordinance creating a local improvement, and that afterward, a petition was filed in the County Court of Vermilion county that steps be taken to ascertain the just compensation to be made for property taken or damaged, and to ascertain the amount of benefits to the properties described in the petition; that afterward an order was entered designating and appointing the petitioner herein, and one Merritt, as commissioners to act with the president of the board of local improvements of said city, to ascertain such benefits in such proceedings; that the petitioner and the other commissioners afterwards made a report,

and an assessment roll, and returned the same into the
County Court, and thereafter a jury was impaneled
and returned its verdict in favor of the petitioners;
that afterwards the assessments were confirmed by or-
der of the County Court; that at a hearing had upon
evidence, the court fixed the compensation of each of
said commissioners at the sum of $400 and entered an
order accordingly that the petitioner receive such sum
for his fees as such commissioner. The petition fur-
ther alleges that the sum of money ordered by the
County Court to be paid to the petitioner as commis-
sioner's fees was still due and unpaid and that there
was in the hands of the treasurer of said city, not
otherwise appropriated, ample funds for the payment
of said judgment in full, and that said city of Hoopes-
ton has the legal right to pay said judgment out of the
funds in the hands of said treasurer, and prays that
the court award a writ of *mandamus* commanding the
city officers named in the petition forthwith to pay to
the petitioner the amount of said judgment, together
with interest thereon.

The causes of demurrer to the petition, briefly
stated, are that no part of the ordinance providing for
the making of the improvement in question is set forth
in the petition; that it does not allege that said ordi-
nance provided for the payment of the costs and ex-
penses of such improvement out of any fund, or what
the provisions of said ordinance were in reference
thereto; that the order of the County Court fixing the
fees of the petitioner fails to show whether the same
is a general judgment or one payable out of a partic-
ular fund; that the averment that there were funds on
hand in the treasury of the city not otherwise appro-
priated, and that the city had a legal right and au-
thority to pay such judgment out of such funds, are
but conclusions of the pleader; that the petition fails
to allege from what fund the money due to the peti-
tioner is payable, whether from the public improve-

ment fund or a special fund or from any fund under the control of the city.

It was unnecessary that the ordinance providing for the making of such improvement, or its provisions relative to the payment of the costs and expenses of the proceedings, should have been set out in the petition. It was sufficient to state generally the character, purpose and effect of the ordinance and the proceedings taken thereunder. The judgment of the County Court was final and conclusive of the right of the petitioner to receive and the duty of the city to pay the amount of the judgment. Neither was it essential that said judgment should disclose out of what fund the same should be paid.

Section 94 of the Local Improvement Act (Hurd's Rev. Stat. (1909) 479) in express terms provides that the entire costs and expenses connected with the proceedings therein authorized, including the court costs, shall be paid by the city, in the present instance, out of its general fund. The proviso to said section does not affect the present case. Ricker v. City, 204 Ill. 191.

That there were funds on hand in the treasury of the city, not otherwise appropriated, is, we think, alleged with sufficient directness. The material allegations of the petition, the truth of which was admitted by the demurrer, clearly entitled the petitioner to the relief prayed, and the Circuit Court did not err in overruling the demurrer thereto nor in ordering the issuance of the writ.

The judgment is accordingly affirmed.

*Affirmed.*