Roberts Mann and E. C. Curtiss, Appellees, v. Downers Grove Sanitary District et al., Appellants.

Gen. No. 8,401.

DANIEL S. WENTWORTH and HENRY O. NICKEL, for appellants.

BUNGE & BUNGE, for appellees.

MR. JUSTICE WOLFE delivered the opinion of the court.

This is an appeal from the order of the circuit court of Du Page county awarding a writ of mandamus commanding the trustees of the Downers Grove Sanitary District to appropriate and levy, against all of the taxable tracts of land in the district, the sum of $5,000 for the purpose of paying Roberts Mann and E. C. Curtiss, the appellees, as compensation rendered by them for the district, as commissioners, in special assessment proceedings in the county court of said county and designated therein as assessments numbers 19 and 26. The trustees and the district appear here as appellants.

The said district is a municipal corporation organized and existing under and by virtue of the Sanitary

Districts and Sewage Disposal Act, approved June 22, 1917, Cahill's St. ch. 42, ¶ 316 *et seq.* (Smith-Hurd Rev. Ill. St. chapter 42.) Section 19 of that act, Cahill's St. ch. 42, ¶ 334(1), provides that proceedings for the making, levying and collecting special assessments by the district, shall be the same as nearly as may be as is prescribed in the act commonly known as ''The Local Improvements Act.''

A proceeding to levy special assessments against lands in the district to be benefited by the proposed improvement hereinafter mentioned, was instituted in the county court of Du Page county on May 21, 1928, by the trustees of the district filing a petition for the levying of such assessments, in pursuance of an ordinance passed by the trustees and known as Ordinance No. 19-A. The improvement provided for in this ordinance was the construction of a plant for the purification and treatment of sewage and including outlet sewer. The ordinance provided for the condemnation of private property to be taken, all of which was at an estimated cost of $675,000. Legal objections to this proceeding were sustained by the county court, and the cause was dismissed by the trustees of the district on June 28, 1929.

The trustees repealed ordinance No. 19-A and adopted ordinance No. 26-A, which provided for the construction of the same improvement contemplated and provided for in ordinance No. 19-A. Both ordinances, so far as they are material to a consideration of the issues presented in this appeal, are exactly the same. On August 12, 1929, the trustees filed their petition in the county court for levying the special assessments as provided for in ordinance No. 26-A. This proceeding was pending when the petition for the writ of mandamus was filed on June 4, 1930. On Feb. 27, 1931, a supplemental petition in the mandamus action was filed setting forth that the special assessment under assessment No. 26 had been dismissed by order of

the county court on February 14, 1931. It appears *dehors* the record that on appeal from this order to the Supreme Court, the order was reversed on Oct. 23, 1931. The report of this decision appears in vol. 345 Illinois Reports, page 359.

Both ordinances provided that, "the sum of $32,500.00 being the amount included in the estimate of the president of said Downers Grove Sanitary District, as the cost of making, levying and collecting the assessment therefor, shall be paid for by special assessment in accordance with the Act of the General Assembly of the State of Illinois, entitled: 'An Act Concerning Local Improvements,' approved June 14, 1897, and all acts amendatory thereof and supplemental thereto, and that the said sum of $32,500.00 shall be applied towards paying the lawful costs and expenses attending the proceedings for making said improvement and the costs of making and collecting the assessments therefor."

In both of the proceedings in the county court, the court made orders, appointing the appellee commissioners to act with the president of the board of trustees of the district to investigate and report to the court the just compensation to be made to the respective owners of private property taken or damaged by the proposed improvement; also to investigate and report what property would be benefited by the improvement and the amount of such benefits to each parcel. The orders further provided that there should be allowed to said commissioners the sum of $2,500 each for their services, as just and proper fees, which sum should be taxed as costs and included in the amount to be assessed in the proceeding. The appellees, as such commissioners, filed assessment rolls and reports in both of the proceedings.

In the petition for the writ of mandamus, it is represented that by force of the statute in such case made

and provided, said fees became due and payable out of the general fund of the district and that the district has no funds with which to pay said judgments; wherefore petitioners (the appellees) pray for a writ of mandamus directed to the trustees of the district commanding them to appropriate and levy on all taxable property in the district, as equalized for State and county purposes, a sufficient amount of money to satisfy said judgments.

All of the above matters, excepting the reference to the recent Supreme Court decision, fully appear in the pleadings filed in the mandamus action. Before submitting the case to the court, the parties stipulated to submit the cause upon the petition and the answer filed thereto; that the issues raised by the pleadings be considered by the court; it be understood that the questions submitted are questions of law as determined by the pleadings; that the value of the services rendered by the appellees, as such commissioners, is not at issue, nor do appellants waive any rights or defenses which they may have in any other proceeding hereafter instituted by appellees for the recovery for services rendered as such commissioners.

After a hearing the circuit court found the issues for the appellees; that they have voluntarily reduced their claim to $5,000; and ordered that the writ of mandamus issue commanding the trustees of the district to appropriate and levy for the year 1931 a sufficient amount of lawful taxes to pay the sum of $5,000 to the appellees together with lawful interest on said amount from the date of the entry of the order until paid, and that appellants pay the costs of suit.

The writ of mandamus is a summary writ issued from a court of competent jurisdiction commanding the officer to whom it is addressed to perform some specific duty which the relator is entitled of right to have performed, and which the party owing the duty

has failed to perform. It is an extraordinary remedy, and one petitioning for such writ must have a clear and undoubted right to the relief demanded. (*People v. Nelson,* 346 Ill. 247.) The writ can confer upon the respondent no new authority to act and he must be bound to act regardless of the writ. Where the right of the petitioner must first be fixed, or the duty of the respondent must first be determined, the writ will be denied. *Hooper v. Snow,* 325 Ill. 53; *People v. Dunne,* 258 Ill. 441.

The above rules governing the issuing of the writ of mandamus have long been established and are not disputed by either party to this appeal. It is their application to the facts in the case, and the legal results arising therefrom, which gives cause for controversy between the parties. The appellees are not asking that a writ be issued directing the district trustees to proceed to levy and collect special assessments and pay their fees from the fund so realized. The trustees had a right to dismiss the proceeding for making assessment No. 19. No special assessment fund will ever exist under assessment No. 19. Assessment No. 26 was pending at the time the petition for mandamus was filed, and so far as the record in this case shows, it is still pending in the county court. The order of the county court fixing commissioners' fees in that proceeding makes the fees payable out of the special assessments collected. Until the special assessments are exhausted, appellees have not the right to maintain a mandamus action to compel the levying of taxes against all the lands in the district to raise, necessary funds to satisfy the order. *State v. City of Superior,* 81 Wis. 649, 51 N. W. 1014.

The appellees' right to the writ must stand or fall on the representation made in their petition that by force of the statute said fees became due and payable out of the general fund of the district and therefore

the writ should issue commanding the trustees to levy on all of the taxable property in the district, a sufficient amount of money to satisfy the amount of $5,000 fixed in the order, as their fees. To sustain this position, it is necessary to conclude and determine that by force of the statute, the fees are payable out of the general fund of the district, although the order of the county court provides that they shall be included in the amount to be assessed against the properties in the district to be benefited by the proposed improvement.

It may be granted that under section 94 of the Local Improvements Act, Cahill's St. ch. 24, ¶ 226, and the decisions in the cases of *Gray v. City of Joliet,* 287 Ill. 280, and *Murrie v. Harper,* 249 Ill. App. 586, construing and applying this section, that an action of assumpsit will lie against a municipal corporation to recover fees of special commissioners, earned in a special assessment proceeding in the county court, even though the special assessment proceeding is dismissed before final confirmation and the costs of making the assessments, under the ordinance providing for the proposed improvement, are to be paid out of the special assessments to be collected as provided in the proviso of section 94. That a judgment recovered in such an action, and a proper case being made, may be the basis for an action of mandamus, to compel the municipal corporation to levy general taxes to pay the judgment, cannot be disputed. This being true, the contention of the appellants that the order of the county court, in assessment No. 19 fixing the fees of the appellees, is not final and would only become final on the final confirmation of the proceeding, is beside the point. The decision in the case of *Bond v. City of Hoopeston,* 168 Ill. App. 617, is contrary to that contention.

By relying on the provisions of section 94 of the Local Improvements Act, Cahill's St. ch. 24, ¶ 226, the appellees cannot escape the fact that the amount of

their fees is not fixed except in the order of the county court. The liability of the district to an action to pay for appellees' services out of the general fund of the district, does not create or establish a money judgment against the district. Neither the amount nor the validity of appellees' claim is admitted in the answer of the appellants. It is obvious that the appellees must base their claim to the right to the writ of mandamus upon a valid order of the county court fixing a definite amount as being due them which becomes a money judgment against the district, payable out of its general fund.

It is urged by the appellants that the order of the county court is void for the reason that the county court had no jurisdiction of the assessment proceeding in which the order was rendered. This objection to the order is fully set forth in the answer of the appellants. A copy of the ordinance known as No. 19-A is attached to the answer; the questions of law presented to the court were to be decided as per stipulation, by the pleadings. The Supreme Court has held that a valid ordinance is the foundation of any improvement by special assessment and cannot be dispensed with. Unless a valid ordinance is shown, there is nothing on which a subsequent proceeding can rest. (*Village of Lovington v. Gregory,* 287 Ill. 169; *City of Chicago v. Farwell,* 260 Ill. 565.) The lack of jurisdiction on the part of the county court in the assessment proceeding was an available defense to the mandamus action. (*Commissioners of Highways v. Drainage Dist.,* 207 Ill. 17.)

This objection of the appellants is based on their contention that the ordinance which provides for the construction of a plant for the purification and treatment of sewage is void for the reason that section 19 of the act creating the district, Cahill's St. ch. 42, ¶ 334(1), does not authorize the construction of such

an improvement by special assessment. The levy of the special assessments had for its ultimate object the taking of private property without the owner's consent, and the power to make such assessments must be clearly conferred and strictly pursued, and any doubts as to the existence of the power must be resolved against those attempting to exercise it. *Commissioners of Hartwell Drainage and Levee Dist. v. Mickelberry,* 257 Ill. 509. Section 19 does not expressly authorize the construction of a plant for the purification and treatment of sewage.

Since June 29, 1923, section 19 reads in part as follows: "The board of trustees shall have the power to build and construct and to defray the costs and expenses of the construction of drains, sewers, or laterals, or drains and sewers and laterals and other necessary adjuncts thereto, including pumps and pumping stations, made by it in the execution or in furtherance of the powers heretofore granted to such sanitary district by special assessment or by general taxation, as they shall by ordinance prescribe." In the case of *City of Chicago v. Green,* 238 Ill. 258, and *Judge v. Bergman,* 258 Ill. 246, the Supreme Court has refused to lay down, in advance, a hard and fast rule by which to determine what is and what is not an "adjunct" when the word is used in a sanitary district act; each case, the court holds, must be determined by its own facts and circumstances. Furthermore, the ordinance providing for the payment of the cost of the construction of the plant for the purification of the sewage must be tested by the rule whether the proposed improvement would enhance especially the value of adjacent property over and above the amount of general benefits to the whole municipality therefrom. *Judge v. Bergman,* 176 Ill. App. 42.

It is therefore a question of grave legal doubt if the ordinance is valid. The question of the validity of the

ordinance is a question of great importance to the property owners in the district, and all other persons similarly situated. Their rights to test the validity of a similar ordinance cannot be foreclosed in this action for a writ of mandamus. Great confusion would result by this court passing upon the validity of the ordinance in this appeal from the judgment of the court awarding the writ. "When a writ of mandamus is asked, the court may inquire whether it will operate impartially, create confusion and disorder, and whether it will or will not promote substantial justice. Courts, in the exercise of the discretion with which they are vested, may, in view of the consequences attendant on the issuing of a writ of mandamus, refuse the writ, though the petitioner has a clear legal right for which mandamus is a proper remedy. . . . The court may act on existing facts and view the case with reference to the consequences of its action." *Kenneally v. City of Chicago,* 220 Ill. 485. To the same effect is the case of *Cawthon v. State,* 62 Fla. 133, 56 So. 404. We therefore decline to pass upon the validity of the ordinance in question. For the reasons above stated, the judgment of the circuit court must be reversed and remanded.

In addition to the cases cited herein, the court desires to add that in considering this case, arising on questions of law based on the pleadings, we have given attention to the cases of the *People ex rel. German Ins. Co. v. Getzendaner,* 137 Ill. 234, and *People ex rel. Com'rs of Drainage Dist. v. Schwartz,* 244 Ill. App. 137.

*Reversed and remanded.*