## Roberts Mann and E. C. Curtiss, Appellees, v. Downers Grove Sanitary District, Appellant.

### Gen. No. 8,922.

414

Opinion filed August 14, 1935. Rehearing denied September 30, 1935.

DANIEL S. WENTWORTH and ROBERT F. DEWEY, both of Chicago, for appellant.

BUNGE & BUNGE, of Downers Grove, for appellees; GUSTAV H. BUNGE, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The appellees, in a trial without a jury, secured a judgment in the circuit court of DuPage county for $5,000 against the appellant as compensation for their services as commissioners in a special assessment proceeding filed and prosecuted by the appellant in the county court of that county. The purpose of the appeal is to determine whether the judgment should or should not be affirmed by this court. It will be necessary to refer to former cases involving the special

assessment proceedings wherein the appellees were appointed commissioners, which were tried both in our Supreme and this court. However, the purpose of this appeal should be borne in mind. References to the former cases are historical of the action at bar.

The appellant (hereinafter referred to as the district) is a municipal corporation organized under the Sanitary Districts and Sewage Act, approved June 22, 1917, Cahill's St. ch. 42, ¶ 316 *et seq.* (Smith-Hurd Rev. St. ch. 42). Section 19 of the act, Cahill's St. ch. 42, ¶ 334(1), provides that proceedings for making, levying and collecting special assessment by the district, shall be made as nearly as possible as prescribed in the act commonly known as "The Local Improvement Act."

A proceeding to levy special assessments against the lands in the district was instituted in the county court of DuPage county on May 21, 1928, by the district filing a petition for the levying of such assessments in pursuance of an ordinance passed by the district and known as ordinance No. 19-A. The court proceeding, under this ordinance, was designated in the county court as special proceeding No. 19. The ordinance provided for the construction of a plant for the purification and treatment of sewage and for an outlet sewer and for the condemnation of private property to be taken, all of which was at an estimated cost of $675,000.

On the day the petition was filed, the county court signed an order appointing the appellees as commissioners to act with the president of the district in investigating and reporting to the court the just compensation to be made to the respective owners of private property taken or damaged by the proposed improvement; also to act in investigating and reporting what property would be benefited by the improvement and the amount of benefit to each parcel of land. The order provided: "It is further ordered and adjudged

by the court that there shall be allowed to said commissioners the sum of $2,500.00 each as just and proper fee for their services in this behalf, which said sum shall be taxed as costs and included in the amount to be assessed herein. This order was in conformity to ordinance No. 19-A which provided that the cost of making and levying the assessments be paid by special assessment. This order was also in conformity with section 14, ch. 24, ¶ 136, Cahill's Ill. Rev. St., which provides that commissioners under the Local Improvement Act "shall be allowed a fee for their services which shall be fixed by the court in advance, and the amounts so allowed may be reviewed by the court upon motion, and may be taxed as costs and included in the amount to be assessed." The appellees as such commissioners took their oath of office and on August 6, 1928, filed their report and assessment roll. On June 28, 1929, legal objections to assessment No. 19 were sustained by the county court and the proceeding was dismissed. On June 29, 1929, the district adopted ordinance No. 26-A which repealed ordinance No. 19-A and provided for the construction of an improvement substantially the same as that called for in ordinance No. 19-A. Also on August 12, 1929, the district filed its petition in the county court of DuPage county for the levying of special assessments as provided in ordinance No. 26-A. This proceeding in the county court was designated as special assessment proceeding No. 26. In conformity with ordinance No. 26-A and the statute aforesaid, the county court rendered an order similar to the one entered in special assessment proceeding No. 19 appointing the appellees commissioners and fixing their fees at $2,500 each. Special assessment proceeding No. 26 is undisposed of in the county court of DuPage county and the order fixing appellees' fees in that proceeding is still subject to review by that court as provided by statute.

The appellees made a motion in the county court of DuPage county to tax as costs their fees as commissioners in special assessment proceeding No. 19 pursuant to the order of that court made on May 21, 1928, fixing their fee at $2,500 each. On May 29, 1930, said county court entered an order which recites, "That this court no longer has jurisdiction of the said cause, nor of the res, nor parties, and the aforesaid motion on behalf of the said commissioners, is therefore denied."

On October 12, 1929, the district issued its vouchers Nos. 14 and 17. Voucher No. 14 directed the treasurer of the district to pay to the order of Roberts Mann (one of the appellees) $2,500, with interest, from the funds realized for the collection of the first instalment of special assessments levied in special assessment proceeding No. 26, or out of any other fund or funds not otherwise appropriated and available for that purpose. The voucher recites, "This voucher is given on account of services rendered as commissioner, by order of court, in Special Assessment No. 19, in connection with the improvement for which the above mentioned Special Assessment was levied." Voucher No. 17 is similar to voucher No. 14, except that it is for $500 payable to E. C. Curtiss (one of the appellees herein), and it recites that it is given on account of services rendered as commissioner in special assessments Nos. 19 and 26.

On June 4, 1930, the appellees filed in the circuit court of DuPage county their petition for a writ of mandamus wherein it was alleged that by force of the statute in such case made and provided, the fees allowed the appellees as such commissioners, by the orders of the county court of DuPage county, became due and payable out of the general fund of the district and that the district had no funds with which to pay said judgments; wherefore the petitioners pray for

a writ of mandamus directed to the trustees of the district commanding them to appropriate and levy on all of the taxable property in the district, as equalized for State and county purposes, a sufficient amount of money to satisfy said judgments. The writ was ordered by the circuit court, and on appeal the judgment was reversed and the cause remanded by this court. (*Mann v. Downers Grove Sanitary Dist.*, 266 Ill. App. 526.)

In the circuit court of DuPage county, after the decision in 266 Ill. App. 526, the appellees amended their petition for a writ of mandamus by changing the form of the action to assumpsit, and, as before stated, they obtained a judgment against the district for .$5,000 as compensation for their services as commissioners in special assessment No. 19. The appellees introduced in evidence in this case the order of the county court of DuPage county appointing the appellees commissioners and fixing their fees at $2,500 each in special assessment proceeding No. 19; no evidence was introduced showing the value of the services rendered and performed by the appellees as such commissioners, other than the order of the said county court.

In the mandamus case (266 Ill. App. 526) the action was submitted on questions of law on the pleadings. The answer in that case set out ordinance No. 19-A and it was alleged that the ordinance was ultra vires of the district and void. If the ordinance was ultra vires no rights could arise under it. (*Steenberg v. People*, 164 Ill. 478.) In the case of *Bunge v. Downers Grove Sanitary Dist.*, 356 Ill. 531, decided after 266 Ill. App. 526, it is held that ordinance No. 19-A was not ultra vires. In the case at bar it is not contended that ordinance No. 19-A is void because the district had not power to pass such an ordinance; however, it is now contended by the district that the ordinance was invalid and void on other grounds.

As before stated, in the county court legal objections were made by landowners in the district to the validity of ordinance No. 19-A in special assessment No. 19. The order of the county court sustaining some of the objections has been introduced in evidence in this case now before the court. The county court held that there was a variance between the estimate, the ordinance and the plans. The order states: ''The court is of the opinion that these variances are substantial, and are substantial to such an extent as to make the ordinance void.'' The county court dismissed the petition.

It is contended by the district that the ordinance being void, the county court had no jurisdiction of special proceeding No. 19, and such being the case the order appointing the appellees as commissioners and fixing their fees is a nullity and that the order of the county court dismissing the petition annulled the order appointing appellees as commissioners and fixing their fees.

From the order of the county court holding the ordinance void for the reasons stated there was no appeal and it is *res adjudicata* on the question of the partial invalidity of ordinance No. 19-A. *Woodward v. Ruel,* 355 Ill. 163. However, it does not follow that because the county court held the ordinance void or invalid, all orders entered by the county court in special assessment proceeding No. 19 were a nullity. It is to be borne in mind that the ordinance was not ultra vires but one which the district had power to enact, and the petition for the improvement filed in the county court gave that court jurisdiction to pass on the question whether it was invalid because there was a material variance between the ordinance and the estimate. Otherwise there would be no valid judgment determining that question. If it should be said without qualification that a void or invalid ordinance prevents county courts from obtaining jurisdiction in special assessment proceedings, there would be no court with

power to pass on the validity of the ordinance. The validity of an ordinance because of some inherent defect must be judicially determined before it can be known whether it is valid or invalid. ''The word 'void' is used in varied meanings and applied indifferently to a thing which has no legal force or effect and is an absolute nullity, and to that which, by reason of some inherent vice or defect, may be adjudged void by a court when the question is presented to it.'' (*Sumner v. Village of Milford,* 214 Ill. 388, 395.) See also *City of Lincoln v. Harts,* 256 Ill. 253. We now call attention to the case of *People v. Brown,* 218 Ill. 375, and first state that an objection to an application for judgment against land for delinquent assessments because of the insufficiency of the ordinance, under which they were made, is a collateral attack on the judgment of confirmation of them: (*People v. Lingle,* 165 Ill. 65.) In the case of *People v. Brown, supra,* a landowner objected to the application for judgment and order of sale of his land because of delinquent special assessments against it. In that case one of the objections was that the ordinances were void for uncertainty and indefiniteness, since they did not sufficiently set forth the nature, character, location and description of the improvement therein proposed to be made. The Supreme Court, in that case, held that the judgment of confirmation could not be thus attacked except for matters affecting the jurisdiction of the county court rendering the judgment of confirmation, and that the objection to the insufficiency of the ordinance was not of that character, and was one that must be determined in the proceeding to confirm the special assessment. In the *Brown* case the Supreme Court says: ''In the case of *Perry v. People,* 206 Ill. 334, this court held that an objection to a petition for the confirmation of a special assessment on the ground that the ordinance under which the assessment was made failed to specify the width of the street to be paved should be sustained,

but that when an objection was made on that ground to the application of the collector for judgment it cannot be considered. It was there said in discussing the question whether the omission in the ordinance rendered it void and deprived the court of jurisdiction: 'An ordinance which does not attempt to comply with the requirements of the statute that it shall contain the description of the improvement is a nullity. If an ordinance on which an application for a judgment of confirmation is based contains sufficient allegations descriptive of the proposed improvement to challenge the attention of the court, jurisdiction attaches in the court to judicially determine as to the legal sufficiency of the description, and the decision and judgment of the court thereon, however erroneous, is not void, nor can it be attacked as for error in a collateral proceeding.' '' In this case now at bar, the ordinance not being ultra vires, we do not think that it can be said that the county court of DuPage county did not have jurisdiction of special assessment proceeding No. 19 in which the order was entered appointing the appellees as commissioners and fixing their fees. The ordinance was not absolutely void. *City of Lincoln v. Harts, supra.* In other words, that order cannot be collaterally attacked in this case on the ground that the county court did not have jurisdiction. *Sumner v. Village of Milford,* 214 Ill. 386, explaining *City of Chicago v. Nodeck,* 202 Ill. 257; *People v. Brown, supra; Bunge v. Downers Grove Sanitary Dist.,* 356 Ill. 531; *Mann v. Downers Grove Sanitary Dist.,* 266 Ill. App. 526; *People v. Kaul,* 302 Ill. 317.

As above stated it is contended by counsel for the district that the order of the county court of DuPage county dismissing the special proceeding No. 19 because of the insufficiency of the ordinance annulled what was done by that court in that proceeding. The district relies on the statement in the case of *Bass v. City of Chicago,* 195 Ill. 109, which is quoted from the

case of *Loeb v. Willis,* 100 N. Y. 235, and is as follows: "By discontinuance of an action further proceedings in the actions are arrested not only, but what was done therein is also annulled, so that the action is as if it had never been." In our opinion the expenses of assessing and levying special assessments under the Local Improvement Act are part of the costs of that proceeding. Those expenses are assessed against the lots and parcels of land which will be benefited by the improvement; they are so assessed as costs and not as benefits. *Rieker v. City of Danville,* 204 Ill. 191; *Kimble v. City of Peoria,* 140 Ill. 157; *Gray v. City of Joliet,* 287 Ill. 280. Section 14 of the Local Improvements Act, Cahill's St. ch. 24, ¶ 136. If such expenses are not collected from the special assessments because the proceeding is terminated, they must be paid from the general fund of the municipality which is the petitioner in the proceeding. *Bunge v. Downers Grove Sanitary Dist.,* 356 Ill. 531; *Mann v. Downers Grove Sanitary Dist.,* 266 Ill. App. 526. The proviso in section 94 of the Local Improvements Act, Cahill's St. ch. 24, ¶ 226, does not apply in this case. The county court of DuPage county had jurisdiction to render the order appointing the appellees as commissioners in special assessment proceeding No. 19 and to fix their fees in advance. The appellees, as such commissioners, performed the services required as provided by the order. We do not think that it is equitable or just either to the district or the appellees that a recovery for their services should rest upon an action of *quantum meruit* on a trial of which such fees might be increased or reduced from the amount fixed in the order. The order of the county court dismissing special proceeding No. 19 did not abrogate the order appointing the appellees commissioners and fixing their fees as part of the costs of the proceeding. The order became final upon dismissal of the proceeding and fixed the amount due the appellees for their services

as such commissioners. *Bond v. City of Hoopeston,* 168 Ill. App. 617. Assumpsit was a proper action to recover such fees. *German-American Sav., Loan & Bldg. Ass'n v. Trainor,* 293 Ill. 483.

It is also contended by the district that the appellees waived one-half of their fees as such commissioners. This contention rests upon the voluntary reduction of appellees' fees in the mandamus action above referred to. In the mandamus case the appellees consented to a one-half reduction of their fees in special assessment proceedings Nos. 19 and 26, but it was expressly stipulated by them that the value of the services rendered as such commissioners was not in issue and that they did not waive any rights or defenses which they might have in any other proceeding thereafter instituted by them for the recovery for services rendered as such commissioners  The compromise offered by the appellees was to accept $5,000 in full for their services as commissioners in proceedings both No. 19 and 26. (*Vide, Mann v. Downers Grove Sanitary Dist.,* 266 Ill. App. 526.) The offer has never been accepted by the district, but the right of the appellees to any compensation has been, and still is, being contested by the district. The appellees have not waived any part of the fees fixed in the order the county court of DuPage county, entered in special assessment No. 19.

It is also contended that the circuit court erred in permitting the appellees to amend the mandamus petition by changing the action from mandamus to assumpsit after the case was reversed and remanded by this court. The purpose of the mandamus suit and the action of assumpsit are the same, namely, the recovery of the fees of the appellees. The circuit court did not err in allowing the amendment. *Knight v. Village of Thompsonville,* 74 Ill. App. 550; *Brauer v. Laughlin,* 211 Ill. App. 534. This court did not pass upon the question of the validity of the order appointing the appellees as commissioners nor in fixing their

fees. That judgment is not *res adjudicata* of the issues in this case now on appeal.

As before stated, the district issued to appellees its vouchers Nos. 14 and 17 purporting to be in part payment for the expenses of assessing and levying the special assessments in proceedings Nos. 19 and 26. After the vouchers were issued new trustees for the district were elected. They repudiated the vouchers and gave notice that the district would not pay them. It is contended by the district that the vouchers were accepted by the appellees as payment of their fees as such commissioners and this bars a recovery in this case. We think the contention is without merit.

There was introduced in evidence in this case what is designated as "Claim of Interest." It was filed by Charles F. Knapp as receiver of the First National Bank of Downers Grove, and states that E. C. Curtiss (one of the appellees) is indebted to said receiver on three promissory notes, dated 1931, and due four months after date and that said receiver is holding as a part of the assets of said bank voucher No. 17 for $500. It further states "That on May 21, 1931, said E. C. Curtiss executed an assignment to the said The First National Bank of Downers Grove, of all of his right, title and interest in and to any anticipation warrants due from the Downers Grove Sanitary District in the amount of Twenty-five Hundred Dollars ($2500.00) or more, and that under date of March 17, 1932, said Receiver notified said Downers Grove Sanitary District of said assignment, which notice was acknowledged by the Treasurer of said Downers Grove Sanitary District by letter dated March 23, 1932. That under date of July 9, 1934, counsel for said Receiver notified said Downers Grove Sanitary District that said receiver claimed a first and prior lien on all moneys which were then due or might become due to E. C. Curtiss on said Voucher No. 17, and upon any and all other moneys which may be due said E. C.

Curtiss from Downers Grove Sanitary District as commissioner's fees in special assessment proceedings Nos. 19 and 26, which notice was acknowledged by counsel for said Downers Grove Sanitary District by letter dated July 13, 1934.'' The petition for a writ of mandamus was filed in the circuit court of DuPage county on June 4, 1930, and the assignment was made *pendente lite.* The action was properly continued by and in the name of the appellees. *Moore v. Jenks,* 173 Ill. 157; *Phillips v. Wilson,* 25 Ill. App. 427.

There was also introduced in evidence in this case a letter from The Security National Bank of Downers Grove, dated July 12, 1932, directed to the district, stating that the bank held for collection voucher No. 14 duly indorsed by Roberts Mann (one of the appellees herein) to the bank. The payment of the voucher was demanded in the letter.

The trial court properly found that the defendant was justly indebted to the plaintiff but the obligation rights of the district, the rights of the assignee banks, and of the appellees, relative to the fees due the appellees from the district, should be protected by the judgment of the circuit court. The case is remanded to the circuit court of DuPage county with directions to amend its judgment by inserting therein ''that all payments made in satisfaction of said judgment, or any part thereof, be paid into said court subject to the further order of said circuit court.'' *Northeastern Coal Co. v. Tyrrell,* 133 Ill. App. 472; *Phillips v. Edsall,* 127 Ill. 535; *Bingham v. Isham,* 227 Ill. 634.

The costs of this appeal to be assessed against the appellant. Remanded with directions to amend judgment.

*Remanded with directions.*