ARWIN E. PRICE, Appellant, *vs.* THE CITY OF ELGIN,
Appellee.

*Opinion filed December 17, 1912.*

1. CONSTITUTIONAL LAW—*when a statute does not deny a party
equal protection of the laws.* A statute does not deny to a party
the equal protection of the laws unless he is thereby treated dif-
ferently from others in the same situation.

2. SAME—*what is not a violation of prohibition against taking
private property for public use.* One who voluntarily enters into
a contract with a city to construct a local improvement for a speci-
fied sum, to be paid in accordance with the provisions of the Lo-
cal Improvement act, including the provisions of sections 73 and
83 of said act, which are contained in the contract, cannot be said
to be deprived of his property for public use without just compen-
sation or without due process of law because the board of local
improvements refuses to certify that the improvement has been
completed in accordance with the ordinance.

3. SAME—*sections 73 and 83 of Local Improvement act do not
require party to make contracts except at his own free will.* Sec-
tions 73 and 83 of the Local Improvement act, relating to the
terms upon which contracts for local improvements to be paid for
by special assessment must be made, do not require anyone to en-
ter into such contracts except at his own free will.

4. SPECIAL ASSESSMENTS—*a contractor for a local improvement
may resort to mandamus to secure his rights.* A contractor for a
local improvement may by *mandamus* or injunction compel a city
to levy and collect a valid special assessment, and if the work has
been completed under the direction and to the satisfaction of the
board of local improvements, he may by *mandamus* compel the
board to certify its acceptance of the work.

5. SAME—*when city is not liable at suit of contractor for local
improvement.* Where a contract for the construction of a local
improvement contains the provisions of sections 73 and 83 of the
Local Improvement act, the city is not liable for the contract price
in an action on the case based upon the neglect and refusal of the
board of local improvements to certify its acceptance of the im-
provement, as the city's only duty is to make and collect an as-
sessment for the benefit of the contractor.

APPEAL from the Circuit Court of Kane county; the
Hon. DUANE J. CARNES, Judge, presiding.

CHARLES H. FISHER, and ERNEST C. LUTHER, for appellant.

EUGENE CLIFFORD, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Kane county sustained the general demurrer of the city of Elgin, appellee, to the declaration of Arwin E. Price, appellant, in this suit, brought in the form of an action on the case, by which appellant sought to recover from appellee $41,163.07, the contract price for paving Walnut avenue, in said city, with brick on a concrete foundation, and making a concrete curb and gutter. Appellant stood by his declaration and the court entered judgment against him for costs. From that judgment an appeal was taken to this court on the ground that the validity of sections 73 and 83 of the Local Improvement act was involved.

The declaration contained six counts, all of which alleged the making of the contract between the plaintiff and defendant for making the improvement for an agreed consideration of $41,163.07, to be paid by special assessment, except $1976.30, which was to be paid by general taxation. Each count alleged that the plaintiff performed his contract and completed the improvement under the direction and to the satisfaction of the board of local improvements; that the special assessment to pay for the improvement was made and confirmed by the county court of Kane county, and that the defendant paid to plaintiff $725.66 in cash and issued and delivered to him forty-eight local improvement bonds, of $500 each, and three vouchers for $1424.78, in compliance with the terms of the contract. The first three counts alleged that the work done and improvement made by the plaintiff was accepted by the board of local improvements. The last three alleged that the board of local im-

provements refused to accept the work and improvement, and all the counts alleged that said board neglected and refused to certify, in writing, the completion of, the work to the county court, in accordance with section 84 of the Local Improvement' act, and that by reason of such neglect and disregard of duty by the board of local improvements the plaintiff was deprived of the sum due him under the terms of the contract.

The declaration set out the contract, by which the plaintiff agreed to be paid out of the special assessment levied for the work when the same should be collected, and that he should have or make no claim against the defendant except for the collection of the same. Section 73 of the Local Improvement act provides that no person taking any contract from a city and agreeing to be paid out of special assessments shall have any claim or lien upon the city in any event except from the collection of special assessments for the work contracted for, and imposes upon the city a duty to levy and collect an assessment or assessments to defray the cost of the work until the contractor shall be fully paid, and also gives to the contractor summary relief, by *mandamus* or injunction, to enforce the performance of the duty. Section 83 provides that all contracts made for local improvements must contain a provision that the work shall be done under the direction and to the satisfaction of the board of local improvements, and also express notice that in no case, except as otherwise provided in the ordinance or the judgment of the court, will said board or municipality or any officer be liable for any portion of the expenses nor for any delinquency of persons or property assessed. The contract also contained the provisions required by that section. Counsel for appellant assert that these sections of the Local Improvement act are invalid because their provisions violate the State and Federal constitutions by authorizing the taking and damaging of private property for public use without just compensa-

tion, contrary to the constitution of this State; depriving an owner of his property without due process of law, contrary to the same constitution and section 1 of the fourteenth amendment to the Federal constitution; and denying the equal protection of the laws, contrary to said amendment. They say that by the judgment in this case these wrongs have been inflicted upon the appellant in violation of his constitutional rights.

The property of the appellant has not been taken from him and appropriated to public use. There was no enforced surrender of the brick, concrete or labor of plaintiff, and the defendant did not take his property by condemnation proceeding or in any other manner. He voluntarily and without coercion entered into a contract under which he performed labor and placed material in the public street, for which the defendant agreed to pay a certain amount, when it should be collected, from the special assessment, in accordance with the Local Improvement act, which was mentioned in the contract. His material and labor were voluntarily furnished for the consideration agreed upon, and there was no violation of the prohibition against taking private property for public use without just compensation. Neither was he deprived of his property without due process of law or deprived of it at all. The sections in question do not require any person to enter into a contract except at his own free will, and the plaintiff, exercising his right to enter into such contracts as he saw fit, agreed to exchange his material and labor for a certain sum of money to be paid in a certain way. According to his declaration he was deprived of the sum of money due him under the contract by the action of the board of local improvements in refusing to make the certificate to the county court, and not by any provision of the sections mentioned. The plaintiff was not denied the equal protection of the laws contrary to the fourteenth amendment of the Federal constitution, which merely requires that all persons shall be treated

alike under like circumstances and conditions, both in the privileges conferred and the liabilities imposed. A statute does not deny to a party the equal protection of the laws unless he is treated differently by it from others in the same condition. (*Barbier* v. *Connolly,* 113 U. S. 27; *Mc-Pherson* v. *Blacker,* 146 id. 1; *Hayes* v. *Missouri,* 120 id. 68; *Ohio ex rel.* v. *Dollison,* 194 id. 445.) The sections in question treat all alike who enter into contracts with municipalities and impose no condition upon one that is not imposed upon others.

It is further argued that the defendant was liable for the amount of the contract because the board of local improvements neglected and refused to certify the completion and acceptance of the work, as provided in section 84 of the Local Improvement act. The argument is, that sections 73 and 83 only make provision for compensating the contractor from a special assessment and declare that a city shall not be liable in a suit on the contract but make no provision for compensating him for the refusal of the board of local improvements to make the certificate, and therefore the liability for torts remains. Section 73 expressly provides the contractor with summary relief, by *mandamus* or injunction, to enforce the levy and collection of a valid assessment. (*Conway* v. *City of Chicago,* 237 Ill. 128.) Each count of the declaration alleged that the plaintiff performed the work and completed the improvement under the direction and to the satisfaction of the board of local improvements, and that being so, the board had no discretion to refuse acceptance of the work or to certify the same to the county court. Under the averments of the declaration they had no discretion to give or withhold the certificate, and the duty to give it would be enforced by *mandamus.* There was that remedy, and the freedom from liability secured by the statute could not be converted into liability for the same identical thing by changing the form of action from assumpsit to tort. The city was not liable.

The property owners were entitled to notice and a hearing, under section 84, whether the improvement had been completed in substantial accordance with the ordinance, which would be conclusive upon all parties, and the certificate preliminary to such a hearing could be compelled by the plaintiff. The city cannot be made generally liable by mere evasion or neglect of duty on the part of its officers, and its only duty was to make and collect an assessment for the benefit of the plaintiff. *Farrell* v. *City of Chicago,* 198 Ill. 558; *City of Alton* v. *Foster,* 207 id. 150.

In *Foster* v. *City of Alton,* 173 Ill. 587, we pointed out that the decision in *Maher* v. *City of Chicago,* 38 Ill. 266, and *City of Chicago* v. *People,* 56 id. 327, which are now cited and relied upon as sustaining this suit, were not applicable to a case like this.

The judgment is affirmed.          *Judgment affirmed.*