(No. 12454.—Appellate Court reversed; county court affirmed.)

JOHN W. GRAY, Appellant, *vs.* THE CITY OF JOLIET, Appellee.

*Opinion filed February 20, 1919—Rehearing denied April 3, 1919.*

1. SPECIAL ASSESSMENTS—*when provisions of Local Improvement act for paying expenses out of assessment do not apply.* Sections of the Local Improvement act which provide that expenses connected with a local improvement shall be payable only out of the special assessment fund contemplate that an assessment shall be levied and confirmed and do not apply where the city abandons its proceeding without levying an assessment.

2. SAME—*city cannot relieve itself of liability for reasonable expenses incurred by dismissing proceeding before confirmation.* While a city of less than 100,000 inhabitants may by ordinance, under the proviso to section 94 of the Local Improvement act, provide for the payment of the expense of levying an assessment from the fund produced by levying it, the city cannot relieve itself from liability to pay reasonable expenses incurred in preparation for the assessment where it subsequently voluntarily abandons and dismisses the proceeding before judgment of confirmation.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the County Court of Will county; the Hon. GEORGE J. COWING, Judge, presiding.

WILLIAM C. MOONEY, for appellant.

EDWARD R. NADELHOFFER, City Attorney, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

John W. Gray, appellant, brought an action of assumpsit in the county court of Will county against the appellee, the city of Joliet, for the value of services rendered by him in making and spreading assessment rolls in special assessment proceedings, which proceedings were dismissed and abandoned by the appellee city. He recovered a judg-

ment in the county court for $870, which, on appeal by
the city, the Appellate Court for the Second District re-
versed. That court being of opinion no recovery could be
had under the law, the case was not remanded. A certifi-
cate of importance was granted and an appeal allowed to
this court. The parties will hereafter be referred to as
plaintiff and defendant.

The city of Joliet in 1912 instituted special assessment
proceedings for the paving of Bluff and Railroad streets,
in said city, and another proceeding for the construction
of a sewer in Center street. The then mayor of the city
appointed plaintiff commissioner to prepare the assessment
rolls. A hearing was had in the county court on said as-
sessments and the proceedings were dismissed by petitioner.
For this work of spreading the assessment roll for the
proposed improvement on Bluff and Railroad streets un-
der warrant No. 547 and the assessment roll for the pro-
posed improvement on Center street under warrant No. 570
plaintiff was never paid, and it was for such services he
brought his action in assumpsit in the county court. His
declaration contained the common counts, and he filed there-
with a bill of particulars in the amount of $975 and an af-
fidavit of merits. Defendant filed a demurrer to the dec-
laration, which was overruled. It then filed seven pleas;
together with an affidavit of merits. Plaintiff demurred
to all except the first plea, which was the general issue, and
the demurrer was sustained. Defendant then filed addi-
tional pleas 8, 9 and 10, and plaintiff's original demurrer
having been ordered to stand to such additional pleas, was
sustained to pleas 8 and 10. Subsequently the court struck
defendant's remaining pleas 1 and 9 from the files for want
of a proper affidavit of merits. The trial was entered upon
without objection, with no plea on file. While it was in
progress defendant filed an affidavit of merits, in which it
alleged plaintiff did not prepare a correct and true assess-
ment roll in the Bluff and Railroad streets improvement;

that he omitted more than ten parcels of land abutting upon and benefited by the improvement, by reason of which the assessment roll was of no value, and that by reason of those things plaintiff's services were not worth what he claimed. At the conclusion of all the evidence the court refused a motion of defendant to instruct the jury to find the issues in its favor. Plaintiff then moved the court to exclude the evidence of defendant, and the court announced his purpose to allow the motion but stated he would allow defendant to offer further evidence as to the amount of damages. No further evidence was offered. The court allowed a motion to exclude defendant's evidence, and on motion of plaintiff instructed the jury to find the issue for him and assess his damages at whatever sum the evidence showed due him. The jury returned a verdict for plaintiff for $870, upon which the court rendered judgment.

The ordinance in the Bluff and Railroad streets improvement provided that the whole cost and expense of the improvement, including $3514.71 provided for to apply on court costs and other expenses, and for making, levying and collecting the assessment, as provided in section 94 of the Local Improvement act, being the amount included in the engineer's estimate therefor, shall be paid for by special assessment in accordance with the Local Improvement act. The other ordinance was the same except as to the amount.

Section 94 of "An act concerning local improvements" reads: "The cost and expenses of maintaining the board of local improvements herein authorized, of paying salaries of the members of said board, and the expense of making and levying special assessments or special taxes and of letting and executing contracts; and also the entire cost and expense attending the making and return of the assessment rolls and the necessary estimates, examinations, advertisements, etc., connected with the proceedings herein provided for, including the court costs, including the fees

to commissioners in condemnation proceedings, which are to be taxed as above provided, shall be paid by the city, village or town out of its general fund: *Provided, however,* that in cities, towns or villages of this State having a population of less than one hundred thousand by the last preceding census of the United States, or of this State, the city, village or·town, as the case may be, may in and by the ordinance providing for the assessment prescribed, provide that a certain sum, not to exceed six percentum of the amount of such assessment, shall be applied toward the payment of the aforesaid and other costs of making and collecting such assessment."

It is not denied that if the assessment rolls had been confirmed and the assessment levied plaintiff would have been compelled to look to the fund thus raised for his pay, but it is contended that the authority given by the statute to cities of the class of defendant to relieve themselves of liability to pay the expense of making the assessment applies, and was only intended to apply, to cases where the proceeding ripened into a confirmation and levying of the assessment, and was never intended to authorize cities to require the payment of the expense of making the assessment to be made out of money raised by the assessment in a case where the city voluntarily dismisses and abandons the proceeding before it reaches the stage of confirming and levying the assessment. The statute authorized defendant to require that a sum not exceeding six percentum of the amount of the assessment shall be applied to the payment of the expense of making and collecting the assessment, and there is no claim that the expense of making the assessment here involved exceeded six percentum of the amount of the proposed assessment. We are of opinion in adopting the proviso to section 94 the legislature had in mind only cases where an assessment was levied, and did not contemplate or intend to authorize a city to resort to the provisions of said section to escape liability, after incurring

costs and expenses, by dismissing and abandoning the proceeding before the assessment becomes an actuality. This court has held that payment for the improvement and the cost and expense of making it may be made in any one of the modes provided by the statute, and that the adoption of one mode of payment for a local improvement excludes the idea of payment in any other mode. (*City of Chicago* v. *Thomasson,* 259 Ill. 322; *People* v. *Village of Hyde Park,* 117 id. 462.) That is undoubtedly true where the proceeding ripens into a completion and levying of an assessment, as was the case, we believe, in all the cases considered where that was decided.

We are referred to decisions of this court that a city cannot be made generally liable to a contractor by mere evasion or neglect of duty on the part of its officers to collect an assessment but he must look to the collection of the assessment for his money. (*Price* v. *City of Elgin,* 257 Ill. 63; *Donahue* v. *Village of LaGrange,* 263 id. 607; *Village of Park Ridge* v. *Robinson,* 198 id. 571; *Conway* v. *City of Chicago,* 237 id. 128.) In all those cases the assessment was actually levied and in some of them was actually collected. Other provisions of the Local Improvement act than section 94 were involved in those decisions. Section 73 provides that a person taking contracts from the city "and agreeing to be paid out of special assessments" shall have no claim against the city, except from the collection of the special assessment, for the work contracted for, and in case such assessment cannot be levied or collected the city shall not be liable to the contractor, but shall, as far as it can legally do so, with all reasonable diligence cause a valid assessment to be levied and collected to pay the contractor, and he is entitled to summary relief by *mandamus* or injunction to enforce his remedy. Section 90 provides that no person accepting vouchers, as provided therein, shall have any claim on the city for their payment except from the collection of the assessment against which

they are issued, and any holder of such vouchers shall be entitled to summary relief by *mandamus* or injunction. These sections contemplated the assessment would be levied and collected, or if for any reason it could not be collected, that a valid assessment would be made, and the person having a claim against the assessment was given his remedy by *mandamus* or injunction to enforce its collection. But where the city abandons the proceeding, as it has a right to do, before it reaches the final stage of levying the assessment, a person like the commissioner having a claim for the preliminary work of preparing the assessment roll has no claim against any special fund, for no such fund is raised, and he has no remedy by *mandamus* to compel the city to levy the assessment, for the municipality has the lawful right to abandon the proceeding and not make the improvement. *Price* v. *City of Elgin, supra.*

Without extending this discussion further, it is our conviction that while a city having a population of less than 100,000 may by ordinance, under the proviso to section 94, provide for the payment of the expense of levying an assessment from the fund produced by levying it, it cannot relieve itself from liability to pay the reasonable expenses incurred where the city itself voluntarily abandons and dismisses the proceeding before judgment of confirmation.

No error of procedure in the county court required a reversal of its judgment and in our opinion it should have been affirmed by the Appellate Court. The judgment of the Appellate Court is reversed and the judgment of the county court is affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of county court affirmed.*