**First National Bank of Dolton, Appellant, v. Village of Dolton, Appellee.**

Gen. No. 39,074.

Opinion filed January 4, 1937.

OTTO F. REICH and GEORGE P. NOVAK, both of Chicago, for appellant; DANIEL S. WENTWORTH, of counsel.

MALONEY & WOOSTER and H. L. SUMMERFIELD, all of Chicago, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This appeal is by the plaintiff from the judgment of the superior court entered March 16, 1936. The original declaration was filed in the cause November 25, 1932. By leave of court, an amended declaration was filed December 23, 1935. Both declarations were in assumpsit, and both were duly verified. The affidavit to the original declaration averred there was due $7,643.46, with interest at the rate of six per cent per annum, from March 26, 1928. The affidavit to the amended declaration averred that $7,643.46 was due, but made no claim for interest. The original declaration was based upon the theory that plaintiff was the owner of four special assessment vouchers for

which defendant had negligently failed to collect the funds necessary to pay. The amended declaration is based upon the theory that the amount claimed is due on a *quantum meruit* for legal services. In both declarations plaintiff claimed as assignee of attorney Joseph P. Savage who rendered the services.

October 25, 1935, plaintiff moved for leave to withdraw the affidavit attached to the original declaration and to substitute new affidavits in lieu thereof. The motion was denied December 6, 1935. December 23, 1935, plaintiff, by leave, filed an amended declaration consisting of 11 paragraphs. The cause came on for hearing March 6, 1936, upon the demurrer of defendant to the replication of plaintiff, and upon the motion of the defendant for an order dismissing the cause for want of sufficient replications to certain pleas. The court sustained defendant's demurrer to plaintiff's replication to the first plea, and plaintiff electing to stand by its pleadings, it was ordered that the suit be dismissed for failure of plaintiff to file sufficient replications to defendant's pleas No. 1 and No. 2. This appeal followed, by which plaintiff prays that the judgment of the trial court may be reversed, and judgment entered here in favor of plaintiff against defendant for $7,643.46.

The facts admitted by the pleadings are as follows: Plaintiff is a banking corporation, defendant a municipal corporation. Defendant was under the Local Improvement Act authorized to levy special assessments. Joseph P. Savage on and prior to July 11, 1927, was the attorney for defendant. Upon that date the board of trustees of the village passed an ordinance which provided as follows:

"That the Village Attorney, Joseph P. Savage, be and he is hereby authorized, instructed and directed to prepare all of the necessary papers, resolutions, ordinances, estimates, petitions, notices, orders, appear in

Court, attend Board of Local Improvement meetings, write up the minutes of the Board of Local Improvements meetings, and to do all other work necessary or which may be necessary, including the spreading of the assessment and writing up the assessment roll for the purpose of originating and pursuing to completion, including confirmation of all Special Assessments that may be levied in the Village of Dolton, Cook County, Illinois.

"Section 2. That said Joseph P. Savage, shall receive as his compensation for the services aforesaid five per cent of the cost of said improvement, which shall be paid in first instalment special assessment vouchers. . . . "

November 17, 1927, defendant (by Savage as its attorney) filed in the county court of Cook county its petition in a special assessment proceeding known as number 41. February 23, 1928, the county court entered an order confirming this special assessment and entering a final judgment. Thereupon, defendant village, by its proper officials, awarded a contract for the construction of the improvement, and the work was immediately begun by the contractor. March 26, 1928, the village issued four special assessment vouchers drawn upon the first instalment of the special assessment to be collected. The vouchers were numbered 172 to 175, and were for the total amount of $7,643.46. The form of these vouchers is set up verbatim in the declaration. In substance each voucher was to the effect that defendant for value received promised to pay to the bearer the sum named in the voucher out of the first instalment of the special assessment number 41. Each voucher also recited that it was issued to anticipate "the collection of a part of the first instalment of said assessment which has been duly confirmed in the County Court of Cook County," and that it was payable solely out of said instalment when collected. These

are the vouchers upon which this suit is based. The same were issued by defendant and delivered to Joseph P. Savage, then acting as attorney for defendant in this special assessment proceeding. These were delivered to him in consideration of his services as attorney for defendant in that matter. On the day after these were issued and delivered, these vouchers were, for a valuable consideration, transferred by attorney Savage to the plaintiff bank.

Special assessment No. 41 against which the vouchers were issued, was a proceeding to levy an assessment to pay for a combined sanitary and storm water sewer, at an estimated cost of $191,438.77. Property owners, represented by eight different firms of attorneys, filed objections. When the case came on for trial attorney Savage, representing the village, reached a settlement with the attorneys representing certain objecting owners, and by agreement with them their objections were overruled. Orders were entered reducing their assessments in accordance with the terms of the settlement. Objectors represented by attorney George P. Foster, Jr., however, did not obtain a reduction, and the assignment was confirmed February 23, 1928, without passing upon the validity of the objections filed by Foster's clients. Meantime, the term of Joseph P. Savage, as attorney for the village defendant, expired April 30, 1928, when an ordinance was passed by defendant village appointing one William Propper as his successor. Thereafter, by order of the village, it became the duty of Propper to furnish legal services in connection with the proposed assessment. The proceeding was one for the construction of a sewer including the laying of an outlet sewer along 154th street from Stony Island avenue to Ellis avenue. 154th street was partially the private property of the Pittsburgh, Cincinnati, Chicago & St. Louis Railroad Company and was partially within the corporate limits of the village

of South Holland. The special assessment proceeding did not provide for any means of obtaining easements over the streets of South Holland or across the property of the railroad company, and the contract for the sewer was let by the village under the direction of Savage, and the vouchers issued to him without providing for obtaining easements for an outlet for the sewer. The village endeavored to obtain these easements from the village of South Holland but was unable to do so, and by reason thereof it was impossible to construct any outlet for the proposed sewer improvement. June 20, 1928, attorneys Latchford & McKenna, in behalf of certain property owners, filed a petition asking that the judgment of confirmation be vacated. September 21, 1928, Foster, Jr., served notice of a motion to set the objections of his clients for hearing. The motion was continued until October 8, 1928. On that date, the contractor and all parties being present in court, the court, on its own motion, vacated all the orders and dismissed the proceedings. No appeal from this order was ever taken, and it remains in full force and effect.

Two ultimate and controlling questions are disclosed by the record: First, whether the issuance of the special assessment vouchers, the delivery of the same to Savage, and his acceptance thereof, as provided in the ordinance, discharged defendant from any further claim on his part for legal services. Secondly, whether the amended declaration states a new and different cause of action from that set out in the original declaration, whereby the cause of action alleged in the declaration is barred by the statute of limitations. A decision for defendant on either of these propositions will make unnecessary the consideration of the other question.

The trial court was of the opinion that plaintiff was precluded from recovery on both theories. Plaintiff

contends, citing cases such as *Archibald v. Argall*, 53 Ill. 307, and *Mann v. Downers Grove Sanitary Dist.*, 281 Ill. App. 412, that acceptance of the vouchers by the attorney did not amount to payment of the obligation of the village to the attorney for his services, upon a well settled principle that the mere giving of a note for a precedent obligation does not extinguish the debt. Obviously, however, that general rule is subject to the limitations that the parties themselves may, by agreement, have imposed. The rule is clearly not applicable when the parties have agreed that the issuing ·of the security shall extinguish the debt. Such an agreement in the case of a municipality is also limited by restrictions, if any, imposed by law upon the municipality authorized to issue the securities.

These vouchers were issued under the provisions of the Local Improvements Act (see Ill. State Bar Stats. 1935, ch. 24, sec. 88, par. 218; Jones Ill. Stats. Ann. 76.109). Sec. 88 of that statute specifically provides that the vouchers may be used in making payment for the improvement, or that the property owners may use them in making payment of their special assessment levy in order to pay for the improvement. Plaintiff's original declaration was based on the theory that defendant was liable on the grounds that it was derelict in failing to collect the assessment. The amended declaration is based upon the theory that defendant is liable as upon an implied promise for a *quantum meruit*. As a general rule, we think parties, as here, taking such securities from a municipality pursuant to a prior agreement in consideration of services to be rendered intend that the same, when delivered, shall discharge the obligation of the debt. This seems to have been the ruling of the courts in the absence of facts or circumstances showing a contrary intention or disclosing liability upon some other ground. Of the cases so holding, it will be sufficient to cite *Conway v. City of Chi-*

*cago,* 237 Ill. 128; *Harrold v. East St. Louis,* 197 Ill. App. 121; *Berman v. Board of Education,* 360 Ill. 535. Plaintiff concedes that these cases were decided correctly upon the facts appearing in each, but undertakes to distinguish upon several grounds. Plaintiff contends in the first place that defendant here, by reason of its conduct, is estopped to contend with respect to the abandonment of the improvement that it was involuntary upon the part of the village. Plaintiff points out that the assessment was confirmed February 23, 1928; that the order was not vacated and the petition dismissed until October 28, 1928; that defendant made no objection to such dismissal, although the court, as it is said, in fact had lost jurisdiction. Plaintiff says that defendant, by its silence, is estopped to say that the dismissal was made without its consent, and cites *Morgan v. Railroad Co.,* 96 U. S. 716, 720, to the point that silence where there is a duty to speak may estop one who is silent. Plaintiff also cites *sec. 88* of the *Local Improvements Act* to the effect that without the consent of defendant the court was wholly without jurisdiction to set aside the judgment of the confirmation under the circumstances here appearing, and that in the absence of objection by the village, the judgment of confirmation was final. Plaintiff cites *Washington v. Des Plaines,* 344 Ill. 613. Hence, defendant says the village must be held to have voluntarily abandoned the special assessment proceeding, and, therefore, defendant is liable on an implied contract upon the theory that without fault of plaintiff the improvement was abandoned by defendant. Plaintiff further contends that, assuming the abandonment was voluntary, defendant nevertheless was liable, citing *Maher v. Chicago,* 38 Ill. 266; *Hall v. Cook County,* 359 Ill. 528; *Bunge v. Downers Grove Sanitary Dist.,* 356 Ill. 531,

The record does not disclose the reasons which moved the county court to vacate the confirmation order and dismiss the petition. The record, however, does recite that all the parties were present, including the contractor, and in so far as the record discloses no objection was made to the dismissal, the presumption in the absence of a showing of facts to the contrary is that the judgment of the county court was justified. It may have been by reason of the fact that there was some jurisdictional defect in the proceedings, and the court was properly moved to this action by the fact that a sewer without an outlet could hardly be said to be an improvement but would be in the nature of a nuisance. At any rate, every presumption is in favor of the action of the court, and every party interested, including the contractor, being present, seems to have acquiesced in the judgment. We think the record would not justify the conclusion as plaintiff contends that the city exercised a legal right under the statute to dismiss the proceeding. Moreover, the cases cited to the point that defendant is liable assuming the abandonment to have been voluntary are all distinguishable for the reason (as to some of these cases) that the statute, from which the municipality derived its authority to levy the assessment, was different from our Local Improvements Act but also by the fact (that in each case) the contract made between the plaintiff and defendant provided for an absolute rather than a contingent liability. Plaintiff, relying upon *Bunge v. Downers Grove Sanitary District,* 356 Ill. 531, and *Gray v. Joliet,* 287 Ill. 280, contends for the general proposition that whenever a special assessment proceeding is not carried to completion, the municipality cannot avoid payment of a just claim for services rendered in the proceeding by setting up the contingent nature of the contract under which the services were performed. Plaintiff says that in such a case the de-

fendant municipality is always liable out of the general fund. In addition to cases already cited, plaintiff cites *Murrie v. Harper*, 249 Ill. App. 586; *Woods v. Village of LaGrange Park*, 281 Ill. App. 609 (Abst.); *Anderson Co. v. Highland Park*, 276 Ill. App. 327, and *Ashdown v. Village of Matteson*, 264 Ill. App. 615 (Abst.). The distinction between these cases and the instant one is well illustrated by *Bunge v. Downers Grove Sanitary Dist.*, 356 Ill. 531. That was a case where the Downers Grove Sanitary District made a contract with plaintiffs whereby they were employed to take charge of its legal work, including all special assessment proceedings. By agreement, it was provided that defendant would pay for special assessment proceedings abandoned or discontinued without plaintiffs' fault or negligence. Thereafter defendant, without cause, repudiated the contract and discharged the plaintiffs. The board then voluntarily abandoned several of the special assessment proceedings, repudiated their contract with the plaintiffs, and upon being sued, pleaded ultra vires, illegality, want of consideration, payment. Defendant also questioned the value of the services and pleaded the general issue. The court held the contract was not ultra vires; that vouchers issued under one of the special assessments for an improvement which had been abandoned after the vouchers were received by plaintiffs did not amount to payment. In that case, unlike this one, there was nothing to indicate the intention of the parties that the vouchers should be received as payment. The case has no application to facts such as are disclosed here.

Plaintiff also contends that under sec. 94 (par. 226) of the Local Improvements Act (Ill. State Bar Stats. 1935, ch. 24; Jones Ill. Stats. Ann. 76.117) the costs and expenses of special assessment proceedings are required to be paid by the municipality out of its general fund regardless of whether a petition is dismissed or

not. Generally speaking that is true but not under the circumstances here disclosed. Plaintiff cites *Gray v. Joliet*, 287 Ill. 280. The case does not sustain plaintiff's contention. That case holds that where the city employs persons to spread an assessment and thereafter abandons the proceedings, it is liable on the *quantum meruit*, not under the statute. The contract there made, it will be noticed, was not as here contingent in its nature.

Because the uncontradicted facts, which under the pleadings we must assume to be true, compel the inference that these vouchers were by agreement of the parties to be received as payment of the obligation about to be incurred, we think the court properly held that plaintiff was not entitled to recover.

We hold, too, as defendant contends, that under the ordinance which fixed the compensation of Mr. Savage as attorney for the village, it was his duty to obtain a valid confirmation of the special assessment in the proceeding and to see that provision was made for the issuance of valid and collectible vouchers, and that (having failed to comply with his obligations in this respect) neither he nor his assignee can recover on an implied contract for services rendered. The record shows that Savage was appointed village attorney and his compensation therefor fixed by the ordinance of July 11, 1927. His term as village attorney continued until April 30, 1928. In the meantime a new board of trustees had been elected and another ordinance was passed by them appointing William Propper as the successor of Mr. Savage. It is not accurate to say that Mr. Savage was discharged by defendant. He ceased to be the attorney for the village by operation of law. The new board had a right to elect another attorney if it saw fit so to do. The fact that up to that time Savage had not done the things necessary to earn his compensation by obtaining easements, disposing of ob-

jections, etc., did not take away from the new board of trustees the power to employ another attorney for the village or compel them to retain their then attorney for an indefinite term. The averments of the pleadings do not indicate that Mr. Savage ever offered to complete his legal work in connection with the assessment or that he was ignorant of the proceedings in the county court to set aside the confirmation order. If he knew, he made no objection. If he had any rights in that respect, he seems not to have insisted on them. He seems to have fully acquiesced, and the suit by his assignee was not begun for several years thereafter. He must have known the situation fully. By the terms of his employment, he undertook to secure and cause to be confirmed a valid assessment. He did not accomplish the things he agreed to do. Everything which he had done to that end was adjudged null and void and without effect, and he seems to have acquiesced in the judgment. The plaintiff now, after a lapse of years, asks that the client of its assignor be held liable for its failure to accomplish the things which its assignor had agreed to do for the defendant, and upon the doing of which payment of the compensation assigned was made contingent. We hold that neither plaintiff nor its assignor can be heard to so contend.

For the reasons indicated the judgment must be affirmed, and it is unnecessary to consider the other question raised as to whether the suit stated in the amended declaration is barred by the statute of limitations. It would unduly extend this opinion to discuss at length that question, although it seems proper to say that the amended declaration, in our opinion, states a new and distinct cause of action, and since it was filed more than five years after the performance of the services sued for, is barred by the statute. *Phelps v. Illinois Cent. R. Co.,* 94 Ill. 548; *Secord-Hopkins Co. v. Lincoln,* 173 Ill. 357; *Chicago, B. & Q. R. Co. v. Jones,*

149 Ill. 361; *Fish v. Farwell*, 160 Ill. 236; *Macgerlein v. Chicago*, 141 Ill. App. 414; *Lipcovitz v. Warren Printing Co.*, 249 Ill. App. 368.

For the reasons indicated the judgment of the trial court is affirmed.

*Affirmed.*

O'CONNOR and McSURELY, JJ., concur.