Charles Deleuw and Company, Appellee, v. City of
Charleston, Coles County, Illinois, Appellant.

Gen. No. 9,129.

Opinion filed January 24, 1939.

ALTON B. COFER and J. B. LANE, both of Charleston,
for appellant.

CRAIG & CRAIG, for appellee.

Mr. Justice Fulton delivered the opinion of the court.

This was a suit brought by Charles Deleuw and Company, a corporation, the plaintiff appellee, against the city of Charleston, a municipal corporation, the defendant appellant, to recover for services rendered by the appellee, as civil engineers, in making surveys, plans and specifications, etc., for a proposed improved waterworks system owned by the appellant.

The case was tried by the court without a jury upon the pleadings, stipulations and an agreed statement of facts, which set forth substantially the following: That the defendant appellant is a municipal corporation organized and operating under the general laws of the State of Illinois; that in the early part of the summer of 1933, the appellant had under consideration the making of an application to the Federal Emergency Administration of Public Works, for a loan from the Federal government for funds to enlarge and improve the waterworks system of the appellant, the city of Charleston; that at the time the appellant had no regularly employed city engineer, and on the 7th day of October, A. D. 1933, the appellee was employed by the appellant to render all necessary engineering services in connection with said application and project, which employment was evidenced by a written contract entered into between the parties; that under said contract the appellee was to be paid for his services as follows:

(a) "For preliminary services and report the sum of $350.00, payable upon the completion of the financing, and

(b) "For contract plans and specifications, detailed estimates, bidding sheets, instructions to bidders, a sum of money equal to 3 per cent of the estimated cost of work, payable at the time of the letting of the contract." It was further provided in the contract that

the agreement could be terminated by either party by giving a 30-day notice in writing of their intention to cancel the same; that after the execution of the contract the appellee made investigations, surveys and rendered other services which finally resulted in a plan and report to the appellant, together with estimates of costs and recommendations, which included a plan for financing the project, which plan was designed to secure federal financial aid; that on the 2nd day of November, A. D. 1933, the appellee submitted to the appellant complete plans, specifications and detailed estimate of cost for the necessary work as contemplated by the appellant, which report was duly accepted and approved by resolution of the city council, and adopted December 7th, 1933; that said resolution also authorized the mayor and the water board of the appellant to file an application for a loan of $100,000, with the Public Works Administration at Chicago for the purpose of financing the improvement and extension of said waterworks; that the appellee prepared for the appellant an application to be filed with the Emergency Administration of Public Works for such loan and grant, which application was filed with the Illinois advisory committee of said body on the 12th day of December, 1933; that on March 6, 1934, said application was referred by the Chicago office to the main office at Washington for review and consideration; that T. M. Cofer was the duly appointed, qualified and acting city attorney of said city of Charleston from the period of May 1, 1933 to May 1, 1935; that on April 13, 1934, the appellee wrote a letter to the appellant stating that it had come to its attention that appellant had advertised for proposals for a water filter plant for the Charleston waterworks and that each bidder was to furnish his own plans and specifications and submit bids on April 18, 1935. The appellee in said letter requested information as to the action of the board on said matter

and also as to the disposition of plans and specifications prepared by appellee; that on May 17, 1934, appellee wrote another letter to appellant addressed to the said city attorney asking for further information as to the status of waterworks project at Charleston, and stating that they had received no reply to their letter of April 13th. The letter also called the attention of the appellant to the fact that the appellee had completely complied with the contract in furnishing a preliminary report and in the preparations of plans, specifications, estimates, etc.; that on May 23, 1934, appellant wrote a letter to the appellee under the name of T. M. Cofer, city attorney, stating that the mayor and city council were unable to obtain the loan under the Public Works Administration, and for that reason were compelled to abandon the plans outlined in their application, and further stated that the application reached Washington too late to receive any of the monies available for such application. The letter further stated that because of the urgency of immediate attention to the conditions of the water plant it was decided to make certain limited improvements within the financial resources of the city without issuing water revenue bonds, and that, therefore, it was impracticable to use any of the plans prepared by appellee; that on May 31, 1934, the Chicago office of the Federal Emergency Administration of Public Works wrote a letter to the appellant suggesting certain changes with reference to the loan applied for; that on June 12, 1934, the said Chicago office again wrote the appellant a letter asking for information and a reply to their letter of May 31; that on June 13, 1934, the appellant wrote the said Chicago office a letter stating that the city officials of the city of Charleston had decided to withdraw their application for the Public Works Administration loan. On June 21, 1934, the said city council of the said city of Charleston adopted a

resolution formally withdrawing their application for the loan of $100,000; that on July 9, 1934, the Chicago office wrote the appellant a letter stating that they had received word from Washington that the loan and grant in the amount of $100,000 for the project hereinabove described had been approved, but because of notice received from appellant that the application had been withdrawn they were marking their records to that effect; that on the 1st day of June, 1933, the city council of the city of Charleston, Illinois, passed its annual appropriation ordinance effective for the year beginning May 4, 1933, which contained, among other items, the following: ''For water works fund $35,000.00.''

The agreed statement of facts further discloses that during the course of the trial the appellant, by Alton B. Cofer, its attorney, orally stipulated and agreed that if appellee was entitled by law and by competent and revelant evidence presented to the court, to recover any damages from appellant, that the sum of $3,250, would be the reasonable value of the services performed by appellee for the appellant.

The court found the issues in favor of the appellee for the sum of $3,250, and entered judgment in favor of appellee and against the appellant for that amount and costs of suit. From this judgment the appellant prosecuted an appeal.

The appellant in this cause relies upon two defenses for the reversal of the judgment. First, that no valid contract can be made to bind a municipal corporation by the city council, or any committee thereof, or any officer, unless an appropriation has been previously made to cover any and all expenditures of money for which said city may become liable under the terms of said contract. In support of this proposition the appellant relies mainly upon the case of *DeKam v. City of Streator*, 316 Ill. 123. In that case the city of

Streator entered into a contract with one Clausen for the purpose of designing a sewage system for the city of Streator, and reported his plans to the city council whereby the sewage system could be improved. The contract in that case, on its face, shows that no provision was made for the payment of Clausen's work and states definitely that the board of local improvements had no authority to bind any further city council or board. The contract further states that the city council of Streator had no authority to enter into such a contract because there was no appropriation from which to pay for this service. Clausen completed his work and submitted a bill to the city council for payment. DeKam and other tax payers filed a bill to enjoin the city of Streator from paying Clausen the amount that he claimed was due on this contract. While the city subsequently ratified this contract and passed appropriations for the payment of Clausen's services the court held that the contract was void *ab initio* because there was no appropriation made for the service prior to the time the indebtedness was incurred. It may be conceded that in line with the holdings of the *DeKam* case that where there has been no appropriation by the city of Charleston, a contract for services similar to the one in controversy in this case would be absolutely void and the city of Charleston could not be estopped to deny liability thereon. In this case, however, appellee contends that such principle of law is not applicable because of the annual appropriation ordinance containing the following item: "For water works fund $35,000.00." Appellant urges, that such appropriation was not sufficient in law upon which to base the said contract in that it does not comply with that part of sec. 2 of art. VII, ch. 24, par. 101 of the act on Cities and Villages, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 21.192], where in providing for the annual appropriation ordinance it reads as follows: "And

in such ordinance shall specify the objects and purposes for which such appropriations are made, and the amount appropriated for each object or purpose." It is contended by appellant that the above appropriation is vague, indefinite and in violation of the above requirement. It is clear that appellees right to recover from the appellant must be based upon the said item of appropriation.

Our courts have had occasion to pass upon similar appropriation items and we believe have definitely concluded that it is not necessary to specify every item which the city may pay out under an appropriation item. A single appropriate general purpose has been held sufficient to include every expenditure required for that purpose although there may be many items. In the case of *People v. Clark,* 296 Ill. 46, 52, objection was made to a tax levy as being made for more than one purpose without designating separately the amount for each purpose. The item contained in the appropriation ordinance and tax levy was as follows: "For cleaning of streets, collection and removal of garbage, ashes and miscellaneous refuse, and for the repair of unimproved streets, sidewalks and miscellaneous street work, and for the maintenance and operation of buildings and the equipment in connection therewith, $3,510.00." In ruling upon the objection the Court said:

"The law requiring that when a city tax is levied for several purposes the amount for each purpose shall be stated separately does not require that each particular item for which the tax is levied shall be separately stated. There is no valid objection to levying a gross sum for several different purposes where the several purposes are properly embraced within some general designation, citing *People v. Illinois Central R. Co.,* 271 Ill. 236; *People v. Chicago & Alton R. Co.,* 273 Ill. 452." A very similar situation as to the

facts was considered by the Appellate Court of the Fourth District in *Murrie v. Harper*, 249 Ill. App. 586, and after a rather thorough analysis of the cases, the court concluded,

"It will thus be seen by an examination of the authorities that in making a tax levy each item need not be specifically mentioned in making an estimate, but it is proper if it naturally comes within a general class in making the appropriation. Thus in making a levy for streets, alleys and sidewalks, any item that would necessarily come within that expense would be embraced within that item and need not be specially mentioned." Therefore, in the present case it becomes a question of fact whether the services rendered by appellee, as civil engineer, in making surveys, plans, specifications, reports, etc., for the proposed improved waterworks system of the appellant, the city of Charleston, would be an item contained within the annual appropriation ordinance of the city of Charleston for the year commencing May 4, 1933, and prior to the time that appellee was employed under the written contract to render the service that it is now claiming pay for.

We are of the opinion that the appropriation ordinance item above discussed was sufficiently definite to cover the services rendered by the appellee under the contract with the appellant. It was merely the preliminary or research work necessary to be done in order to enable the city to continue the performance of a function in which it was regularly engaged. It seems to us that the services would naturally follow and become an ordinary current expense in the completion of the project desired by appellant.

The second defense urged by the appellant is that the appellee cannot recover for the reason that there was no liability against the appellant even under the terms of the written contract; that the contract was a

result of a resolution passed by the city council and any authority which the water board, as a committee, had to enter the contract must have been derived from the provisions of said resolution; that the said resolution provided for the improvement of the present waterworks system and that the expense of said improvement should be paid for by a loan from the Federal Government; that the water board were not authorized to incur any liability against the city of Charleston for said improvements until such fund had been provided, and until such improvements had been approved by vote of the people.

While there is nothing in the written contract which makes the payment for appellee's services contingent upon the making of the loan, still if it could be construed that payment for appellee's services should be made out of the loan which the city proposed to procure from the Federal Government the agreed statement of facts shows there was a material change made by the appellant in its plans and that it voluntarily withdrew its application for a loan and abandoned the project originally contemplated. The courts of this State have held that where an individual undertakes a municipal improvement, agreeing to look wholly to a special fund to be created therefor, and thereafter the city abandons the proposed improvement, the municipality cannot avoid payment by setting up the contingent nature of the contract but is liable out of the general fund. *Bunge v. Downers Grove Sanitary Dist.,* 356 Ill. 531; *Gray v. City of Joliet,* 287 Ill. 280; *Murrie v. Harper,* 249 Ill. App. 586.

For the reasons herein discussed it is our judgment that the finding and judgment of the trial court was entirely correct and the said judgment is hereby affirmed.

*Affirmed.*