Randolph-Perkins Company, Appellee, v. City of Highland Park, Appellant.

Gen. No. 9,654.

Heard in this court at the February term, 1941. Opinion filed July 9, 1941. Rehearing denied August 25, 1941.

PHILIP J. McKENNA, Corporation Counsel, for appellant.

McKINNEY, FOLONIE & GREAR, of Chicago, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

Appellee is an engineering firm. On May 6, 1929, it entered into a written agreement with appellant to

furnish engineering services and to supervise the construction of a proposed street lighting system. The improvement was to be paid for by special assessment, and appellee was to be paid for its services in local improvement bonds issued against said project. The contract further provided that in the event the improvement was abandoned by appellant, appellee was to receive as an agreed compensation for its services rendered, the sum of $7,500.

The proposed work was abandoned by the city. Appellee brought this suit to recover under the contract. The case was heard by the court upon a stipulation of facts. The court rendered judgment for appellee in the sum of $7,500. The city prosecutes this appeal from such judgment.

The facts do not appear to be in dispute and only one question is involved in this case. The city's outstanding indebtedness at the time of the making of the contract on May 6, 1929, was in excess of its statutory limitation as provided by ch. 113, sec. 44, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 87.01]. Appellant claims, that provision of the contract which provided in case the improvement was not confirmed or was abandoned by the city, the compensation of appellee for its services was to be $7,500, was ultra vires, in that the indebtedness of the city was then in excess of its statutory limitation and therefore, appellee could have no recovery.

It is insisted by appellee that since it was to be paid for its services in bonds issued against the local improvement, to be paid for by the property benefited, that appellant did not thereby add to its indebtedness within the meaning of the above section of the statute.

In the case of local improvements such as involved in this suit, in which the cost is to be paid by special assessments against the property benefited, it is generally considered that a contract which provides that a contractor shall be paid from such assessments, does

not create any indebtedness on the part of a municipality within the meaning of the constitutional or statutory limitation. Dillon (5th ed.) Vol. 1, par. 198, p. 368 (Ch. on constitutional limitations and restrictions on power to incur debt); *Fuller v. Heath,* 89 Ill. 296; *Jacksonville Railway Co. v. City of Jacksonville,* 114 Ill. 562, 567. Under such contracts, resort against the city for the purpose of satisfying such bonds cannot usually be maintained. *Conway v. City of Chicago,* 237 Ill. 128; *Simpson v. City of Highwood,* 372 Ill. 212, 219. Hence, when the rights of a contractor are so limited, there is no debt considered created within the debt limit provision of a constitution or statute.

Appellee next urges that the appropriations which were made prior to the execution of its contract were sufficient to include the expense of engineering services furnished by it. In support of this contention, it cites: *Murrie v. Harper,* 249 Ill. App. 586; *James Anderson Co., Inc. v. City of Highland Park,* 276 Ill. App. 327; *Charles Deleuw & Co. v. City of Charleston,* 298 Ill. App. 403, and *Simpson v. City of Highwood, supra.*

It was stipulated that at the times in question, there was no city engineer of said city, that none had been appointed, and that the annual appropriation ordinances of the city included appropriations for engineering fees for the board of local improvements of the following amounts for the following fiscal years:

| May 1, 1925 | $29,000 |
| " 1, 1926 | $20,000 |
| " 1, 1927 | $20,000 |
| " 1, 1928 | $20,000 |
| " 1, 1929 | $25,000 |
| " 1, 1930 | $25,000 |
| " 1, 1931 | $5,000 |
| " 1, 1932 | $1,000 |

It appears from the stipulation that a similar contract was entered into between the parties on July 9,

1926, under which contract, appellee performed services that are stated to be reasonably worth $1,152.42; that this first project was abandoned by the city, and appellee received no compensation for work done; that the contemplated work by the second contract of May 6, 1929, incorporated the territory included in the first proposed project together with much additional territory; and that upon the second contract of May 6, 1929, appellee expended $9,838.10 of its money in and about the proposed improvement, prior to the time the same was abandoned by the city.

The necessity of continuing the corporate organization and government of a city and meeting and providing for the ordinary current expenses has produced a situation where it is generally considered that if a city has in its treasury, or at its immediate command by the collection of taxes levied or presently payable, sufficient funds to pay such current expenses, then as to such expenses, no debt within the constitutional or statutory prohibition is created thereby. Dillon (5th ed.) Vol. 1, par. 193, p. 350. The power to provide for the expenses attendant upon the maintenance of municipal government is necessary to preserve its existence, and an obligation of the city which is within the current revenue for the year, is not to be regarded as creating an indebtedness prohibited by restrictions as to debt limitation. So long as the current expenses and obligations of the city are kept within the limits of money on hands, and the current revenues in process of immediate collection, the municipality may be fairly· regarded as doing business on a cash basis. *Schnell v. City of Rock Island,* 232 Ill. 89. To hold otherwise, would be to apply such rigid interpretation as would completely paralyze municipal power in every city where the debt had reached the prescribed limit.

There is no showing what became of the funds represented by the items included in the above appropriation ordinances for engineering expenses. They

were far in excess of the judgment recovered by appellee. In the absence of any showing that such funds have been disbursed, we may assume they yet remain within the village treasury. *People v. Village of Bradley*, 367 Ill. 301, 306.

We are of the opinion that such appropriations could be reasonably considered to include such an item of engineering expense as was rendered by appellee.

Where the various items included in the annual appropriation ordinance of a city are within the current revenue for the year, such amounts are not to be regarded as creating indebtedness within the statutory limitation as contemplated by said section 44, of chapter 113.

The judgment herein is affirmed.

*Judgment affirmed.*